James **KOPANSKI**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–85–405–CR.

Court of Appeals of Texas, Corpus Christi.

June 26, 1986.

Thomas White, Corpus Christi, for appellant.

Grant Jones, Dist. Atty's Office, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

OPINION

KENNEDY, Justice.

A jury found appellant guilty of aggravated sexual assault and assessed punishment at thirty years in the Texas Department of Corrections and a fine of $10,000.00.

In his first ground of error, appellant contends that the trial court erred when it overruled a motion for continuance. In determining whether a trial court erred in overruling a motion for continuance, the appellate court examines the record of the proceedings to determine if appellant was ably represented by counsel throughout the trial. *Jimenez v. State*, 717 S.W.2d 1 (Tex. Crim.App.1986).

Appellant's counsel, John Miller, moved for a continuance on June 13, 1985, stating that he would not have sufficient time to prepare for trial which was scheduled to begin on June 24, and that he had another trial also scheduled on June 24. He informed the trial court that he had hired another attorney to assist him in preparation of this case. Miller requested that trial be postponed for at least one month. In response, the trial court explained that because of his docket in another county, if trial did not begin as scheduled on June 24, the case would have to be reset sometime after January 1, 1986. The trial court informed counsel that the case would not be postponed and would go to trial on June 24. The trial court noted that counsel was sent notice of the setting on May 28.

On June 24, 1985, the day of trial, Miller filed another motion for continuance stating that the defense was not ready for trial and that counsel needed an additional one month to prepare for trial. At a brief hearing prior to the start of trial, Miller stated that he had been unable to talk to all the witnesses and had not located a witness he had hoped to find. Miller stated that he was not a criminal lawyer and that he was not ready to go to trial.

It appears from the record that counsel had sufficient time to prepare for

trial and knew of the trial setting approximately one month in advance. Additionally, he was informed by the trial court two weeks before trial that the case would go to trial on June 24 and that it would not be postponed. A review of the record shows that two attorneys participated in the trial on behalf of appellant and that appellant was ably represented. We are unable to conclude that the trial court abused its discretion in denying appellant's motion for continuance. *See Hernandez v. State*, 643 S.W.2d 397 (Tex.Crim.App.1982); *Sanne v. State*, 609 S.W.2d 762 (Tex.Crim.App.1980); *Hicks v. State*, 508 S.W.2d 400 (Tex.Crim.App.1974); *Acosta v. State*, 660 S.W.2d 611 (Tex.App.—Corpus Christi 1983, no pet.). Appellant's first ground of error is overruled.

■ In his second and third grounds of error, appellant contends that the State failed to establish that the offense was committed in Nueces County as alleged in the indictment. The presumption found in TEX.CODE CRIM.PROC.ANN. art 44.24 (Vernon Supp.1986) is not applicable because venue was "made an issue in the court below." To sustain its allegation of venue, the State had to prove by a preponderance of the evidence that the offense was committed in Nueces County. TEX. CODE CRIM.PROC.ANN. art. 13.17 (Vernon 1977).

The victim in this sexual assault case was seven-year-old JLS, who testified extensively to the details of the acts which were performed upon her by her stepfather. However, when the prosecutor asked JLS where her stepfather and mother lived, she could not remember, and when the prosecutor asked JLS when her stepfather had assaulted her, she could not remember which part of the year it was or whether the weather was hot or cold.

JLS drew a chart of the house where the incidents occurred and showed where the bathroom, bedrooms, and her mother's office were located. JLS testified that appellant came to her bedroom and touched her private parts. On one occasion appellant took JLS to her mother's office and made her perform a sexual favor.

JLS's father testified that in the earlier part of "this year" JLS was living with her mother at a particular address in Flour Bluff, Corpus Christi, and that JLS's stepfather (the appellant) was also living there. He testified that on one occasion when he picked her up for the weekend, JLS told him that appellant "would come into her room at night and touch her in the private places." JLS's father testified that when he began asking her about the situation at home she began telling him about "what was going on." His testimony also was developed to show that the events had happened during the winter months preceding March 1985.

JLS's mother testified that she met appellant in February 1983 and began dating him in July 1983. They were married in June 1984. She testified that appellant and she did not live together before they were married.

■ While the State never directly and explicitly established that the alleged offense occurred within JLS's mother's home in Flour Bluff, Corpus Christi, the testimony of all persons involved inferentially concerns that house. References as to when the offense occurred show it to have been recent, at least during the period when JLS attended school in Flour Bluff. When all the testimony is taken in context of the assault having occurred during the winter months, we believe that a rational trier of fact could have found by a preponderance of the evidence that the offense occurred within the mother's house in Flour Bluff, Corpus Christi. The testimony of JLS, her mother, and her father, allow this inference. This is especially so when (1) the *only* house referred to in the testimony where JLS lived with her mother and appellant is the house in Flour Bluff, (2) the events were recent, and (3) appellant had not lived with JLS and her mother before their marriage in June, 1984. As noted in *Black v. State*, 645 S.W.2d 789 (Tex.Crim.App.1983), venue may be proven circumstantially.

█ Further, as a general rule, courts will take judicial notice of the location of a particular city or town, and that city or town is the county seat of such county. *Id.* at 793. Although Flour Bluff is not an incorporated city, it is a long-recognized part of Nueces County and is a part of the city of Corpus Christi, which is the county seat of Nueces County. Appellant's second and third grounds of error are overruled.

In his fourth ground of error appellant contends that the trial court erred in overruling his motion for new trial based on improper jury discussion of the appellant's failure to testify. At the hearing on the motion for new trial, juror Daniel Battle testified that appellant's failure to testify was raised six or eight times during jury deliberations. Each time the matter was raised, someone would instruct them not to discuss the matter. Battle testified that he had initially voted to find appellant guilty and did not change his vote because of the comments about appellant's failure to testify. He further testified that the initial vote was nine to three for guilty. Later votes went ten to two, eleven to one, and finally twelve votes for conviction.

█ The failure of a defendant to testify shall not be taken as a circumstance against him. *Stewart v. State,* 206 S.W.2d 88 (Tex.Crim.App.1947); TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979). The trial court's charge in the instant case instructed the jury not to consider appellant's failure to testify as a circumstance of guilt. Not every mention of the accused's failure to testify, however, requires the reversal of a conviction. *Powell v. State,* 502 S.W.2d 705 (Tex.Crim.App. 1973). To constitute reversible error, the reference must amount to a discussion by the jurors or be used as a circumstance against the accused. *Powell,* 502 S.W.2d at 711. Juror Battle's testimony fails to show that the jury used appellant's failure to testify as a circumstance against the accused. His testimony also fails to show that the references to appellant's failure to testify amounted to a discussion. Instead, according to Battle, each time the matter was mentioned someone would instruct them not to discuss it. Accordingly, the trial court did not err in overruling the motion for new trial. Appellant's fourth ground of error is overruled.

█ In his fifth ground of error appellant contends the trial court abused its discretion in failing to grant his motion for new trial for the reason that the jury discussed parole. To show that a jury's discussion of the parole law constitutes reversible error, it must be shown that there was:

(1) a misstatement of the law

(2) asserted as a fact

(3) by one professing to know the law

(4) which is relied upon by other jurors

(5) who for that reason changed their vote to a harsher punishment.

*Sneed v. State,* 670 S.W.2d 262, 266 (Tex. Crim.App.1984).

In the present case, juror Battle testified at the hearing on the motion for new trial that some members of the jury mentioned parole. The jury discussed the fact that appellant had received ten years on a previous conviction and had spent only five years in prison. Battle testified that someone said if he was given thirty years he'd probably be out in fifteen. Applying the *Sneed* factors, we are unable to find that appellant has shown jury misconduct which constitutes reversible error. Appellant's fifth ground of error is overruled.

The judgment of the trial court is AFFIRMED.