**Raymond Harold LEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00533–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 27, 1989.

1984).

Terrence Gaiser, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Jose Gonzalez–Falla, Alvin Munnery, Asst. Dist. Attys., Houston, for State.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

A jury convicted appellant of burglary of a habitation while armed with a deadly weapon. The jury assessed punishment at 55 years confinement.

Appellant filed a motion for new trial based on jury misconduct, claiming the jury discussed both the effect of parole and the fact that appellant did not testify on his own behalf.

After an evidentiary hearing, and upon the State's agreeing to the granting of a new trial as to punishment, the court granted appellant's motion for new trial as to punishment only. Upon appellant's withdrawing his original election to have the jury assess punishment, the court reassessed punishment at 30 years confinement pursuant to the agreement reached between the State and appellant. The motion for new trial with regard to guilt or innocence was denied.

In his sole point of error, appellant alleges the trial court abused its discretion in denying appellant's motion for new trial with regard to guilt or innocence, because the jury improperly discussed and considered appellant's failure to testify.

The charge to the jury on guilt or innocence contained the following instruction:

A defendant in a criminal case is not bound by law to testify in his own behalf therein and the failure of any defendant to so testify shall not be taken as a circumstance against him nor shall the same be alluded to nor commented upon by the jury, and you must not refer to, mention, comment upon or discuss the failure of the defendant to testify in this case. If any juror starts to mention the defendant's failure to testify in this case then it is the duty of the other jurors to stop him at once.

The jury foreman, Lisa Neal, executed an affidavit, which was attached to appellant's motion for new trial, stating in part as follows:

During the guilt/innocence stage of Raymond Lee's trial some four or five jurors discussed the fact that Raymond Lee, Defendant, remained silent. I had to repeatedly remind the other jurors that his silence was not to be considered one way or another during the jury's deliberations. I now believe that Raymond Lee's silence may have been one factor considered by the jury in its finding of guilt.

At the hearing on the motion for new trial, Lisa Neal was the only witness. She testified, in pertinent part, as follows:

Q. (By Defense Counsel) What was your connection with the case of Raymond Harold Lee?

A. I served on the jury.

Q. What was your role on the jury?

A. I was the foreman.

Q. Were you present during the jury deliberations?

A. Yes.

Q. And did you see what happened during the jury deliberations?

A. Yes.

Q. Did you hear what happened during the jury deliberations?

A. Yes.

Q. Do you have personal knowledge and recollection as to what transpired during the jury deliberations?

A. Yes.

Q. Miss Neal, during the guilt and innocence stage of the jury deliberations, do you recall any juror discussing [sic] regarding Mr. Lee's decision not to testify in his own behalf?

A. Yes.

Q. Were there in fact jury discussions as to his decision not to testify?

A. Yes.

Q. Do you believe that those discussions influenced you in the assessment of the finding of guilt?

A. Yes.

Q. Do you feel that if that had not come up that you would have found not guilty personally?

A. Yes.

Q. And you're saying that because of these discussions as to his silence that you held that against him?

A. I think so. Yeah.

Q. Were you aware of other jurors who so held that against them [sic]?

(Upon objection, question rephrased.)

Q. Had—from what you were able to see and hear in the deliberations, were there other jurors who expressed the same opinion as you did?

A. Yes.

Q. And you heard other jurors say they would hold that against him, his failure to take the stand?

A. Yes.

     *    *    *    *    *    *

Q. Going back to the matter of the guilt or innocence stage, do you remember what was said regarding his failure to testify on his own behalf?

A. Yes. One man said that if he weren't guilty of something he was accused of, he would take the stand to tell every—he wasn't guilty and in that sense Mr. Lee didn't take the stand he must be guilty.

Q. Do you remember what other jurors said?

A. One lady said she thought she would want to give her own story, too, and she didn't understand why he wouldn't take the stand if he wasn't guilty.

Q. As a foreperson of the jury, did you take any steps to have the jury stop discussing that?

A. Yes; I told them if they didn't stop discussing it, I was going to call the bailiff. They stopped discussing it.

Q. You feel that did influence your finding of guilt or innocence?

A. I think so, yeah.

Q. Did any other juror state to you or did you hear any other juror state that affected their assessment?

A. The only other person that mentioned it was the lady whose father is a police officer. She thought that he should take the stand if he wasn't guilty.

Q. And did she express to the jury because he didn't take the stand he must be guilty?

A. Uh-huh.

Q. Do you recall how she stated that?

A. Just that if she were—if she weren't guilty, she would take the stand if she was accused.

\* \* \* \* \* \*

Q. (Cross-examination by Prosecutor) Ma'am, prior to your [sic] seated in that jurybox you were voir dired on the defendant's failure to testify; were you not?

A. Right.

Q. Didn't you say at that time you could assess a decision on guilt or innocence whether he testified or not?

A. Right. I've never been on a jury before.

Q. Just answer my question. Now you also as foreman of the jury was charged that if anyone testified as to the defendant's failure to testify, you are obligated to stop them; isn't that correct?

A. Right; that's what I did.

Q. You just testified you did that; isn't that correct?

A. Right.

Q. So how can you sit there and say you based your decision on whether he was guilty or not based upon their discussion of his failure to testify when you in fact said you, on your own, stopped them from talking about it?

\* \* \* \* \* \*

A. Restate your question for me so I can understand what you're asking me.

Q. Yes indeed. You said you told the members of the jury that you were on that the law provided that you could not hold it against the defendant for his failure to testify. You told the other members of the jury; isn't that correct?

A. Right.

Q. And in fact you did that because it was in the Charge; isn't that correct?

A. Right.

Q. You did it because you knew that was the law?

A. Right.

Q. Now how can you say you cautioned them about not doing that and then in the same breath turn around and say you used his failure to testify against it [sic]?

A. I'm telling you I think it influenced me and caused me to decide to go ahead and find him guilty. You can't always help what influences you.

\* \* \* \* \* \*

Q. You heard the co-defendant testify he committed this offense along with this defendant; isn't that correct?

A. Yes.

Q. You heard the eyewitness say he saw the defendant with the gun in front of the house that had been burglarized; is that not correct.

A. Yes.

Q. Okay.

▮ A new trial *shall* be granted an accused where the court finds the jury has engaged in such misconduct that the accused has not received a fair and impartial trial. Tex.R.App.P. 30(b)(8). A motion for new trial alleging jury misconduct is addressed to the sound discretion of the trial judge, and will only be overturned on appeal by a showing of a clear abuse of discretion. *Stowe v. State*, 745 S.W.2d 568, 569 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

Appellant relies on *Smith v. State*, 530 S.W.2d 827, 829–30 (Tex.Crim.App.1976), and *Batres v. State*, 727 S.W.2d 83, 86 (Tex.App.—San Antonio 1987, pet. dism'd). In *Smith*, two jurors gave sworn statements that there was mention among the jurors that the fact the defendant did not testify was an indication to them that defendant was guilty. The court held that overruling the motion for new trial was an abuse of discretion because "[t]he record contains no evidence which refutes proof that the jury discussed and considered appellant's failure to testify." *Smith v. State*, 530 S.W.2d at 830. We believe it is significant that in *Smith* there is no indication that the jury foreman, or anyone else, admonished the jurors to discontinue their improper consideration of the defendant's failure to testify.

In *Batres*, there were repeated discussions during the jury deliberations regarding the failure of the defendant to testify. As in the present case, it was uncontroverted that the defendant's failure to testify was discussed by the jury. However, contrary to the facts of the present case, in *Batres*, "during the discussion, neither the presiding juror nor any other juror cut off the discussion or cautioned the group that such discussion was forbidden." *Batres*, 727 S.W.2d at 83. The *Batres* court held the trial court abused its discretion in overruling the motion for new trial, because, "Although the jurors' testimony conflicts as to the discussion's effect, it is apparent that the jury thoroughly discussed the appellant's failure to testify." *Batres*, 727 S.W.2d at 86.

The State relies on *Kopanski v. State*, 713 S.W.2d 188, 191 (Tex.App.—Corpus Christi 1986, no pet.), and *Peacock v. State*, 690 S.W.2d 613, 617 (Tex.App.—Tyler 1985, no pet.). In *Kopanski*, there was testimony that the defendant's failure to testify was raised six or eight times during jury deliberations, but each time the matter was raised, someone would instruct the jurors not to discuss it. Holding that the trial court did not err in overruling the motion for new trial, the court stated:

> The failure of a defendant to testify shall not be taken as a circumstance against him. *Stewart v. State* [151 Tex.Crim. 164], 206 S.W.2d 88 (Tex.Crim.App.1947); Tex.Code Crim.P.Ann. art. 38.08 (Vernon 1979). The trial court's charge in the instant case instructed the jury not to consider appellant's failure to testify as a circumstance of guilt. Not every mention of the accused's failure to testify, however, requires the reversal of a conviction. *Powell v. State*, 502 S.W.2d 705 (Tex.Crim.App.1973). To constitute reversible error, the reference must amount to a discussion by the jurors or be used as a circumstance against the accused. *Powell*, 502 S.W.2d at 711. Juror Battle's testimony fails to show that the jury used appellant's failure to testify as a circumstance against the accused. His testimony also fails to show that the references to appellant's failure to testi-

fy amounted to a discussion. Instead, according to Battle, each time the matter was mentioned someone would instruct them not to discuss it. Accordingly, the trial court did not err in overruling the motion for new trial.

*Kopanski*, 713 S.W.2d at 191. In reading the decision in *Kopanski*, we do not have the benefit of a transcript of the testimony regarding what was actually said during jury deliberations. It appears that the *Kopanski* jurors may have mentioned that the defendant did not testify, without adding that this indicated he was guilty or further discussing the matter. In the present case, the jury clearly "discussed" the fact that appellant failed to testify, although the discussion was brief, with three jurors stating that they thought his failure to testify was an indication of guilt.

Similarly, in *Peacock*, we have no details about what was actually said during jury deliberations. The court held that "the discussion regarding appellant's failure to testify was harmless in view of the jury foreman's admonishment to the jury that it could not be used against him." *Peacock*, 690 S.W.2d at 617. There is no indication in the opinion that any juror was influenced by the improper discussion.

In *Broussard v. State*, 505 S.W.2d 282, 284 (Tex.Crim.App.1974), during deliberations, a juror brought up the question of the defendant's failure to testify, and another juror immediately responded "he ... didn't testify because he had been in trouble with the law before," (something she had learned from the newspaper). The foreman promptly instructed the jurors that they must not consider matters not raised in court. Finding no reversible error, the court stated in relevant part:

> Thereafter, there was no discussion of the remarks, and there is no evidence in the record that any juror changed his or her position because of them. The mere mention of an accused's failure to testify, if promptly suppressed, will not of itself cause the verdict to be set aside ... In the instant case, in view of the fact that the improper remarks were promptly suppressed, and in view of the fact that

they were not discussed or considered, the appellant has failed to show such prejudice or injury as to require reversal of this case. *Id.* at 284.

In *Ward v. State,* 520 S.W.2d 395, 396 (Tex.Crim.App.1975), an amended motion for new trial contained an affidavit of a juror, in which he stated there was speculation among the jury during their deliberations as to why appellant did not testify. At the hearing on the motion for new trial, testimony of four of the jurors showed that defendant's failure to testify was briefly mentioned during deliberations, but was suppressed when other jurors, including the foreman, promptly informed the jurors that they could not discuss or consider the failure of the appellant to testify. Thereafter, such discussion stopped, and the jury confined their remarks to a discussion of the evidence. The Court of Criminal Appeals affirmed the trial court's refusal to grant a new trial. There is nothing in the opinion to indicate that defendant's failure to testify was considered as a circumstance of guilt by any of the jurors.

None of the foregoing cases is on "all fours" with the present case. Here, the uncontroverted evidence shows (1) there was discussion of the fact appellant did not testify, including expressions of opinions that this indicated appellant was guilty; (2) there was an admonishment by the foreman that the discussion was improper, and the jury stopped discussing the matter; and (3) one of the jurors, the foreman herself, was influenced to find appellant guilty by the improper discussion, notwithstanding the admonishment.

■ It was, of course, improper for the jury to discuss appellant's failure to testify as they did in this case. The question, then, is whether, as a result of such misconduct, appellant was denied a fair and impartial trial. If even a single juror voted guilty because of the improper discussion about appellant's failure to testify, then the misconduct was harmful and a new trial is required. *See Williams v. State,* 675 S.W.2d 754, 757–58 (Tex.Crim.App.1984); *Vorwerk v. State,* 735 S.W.2d 672, 674 (Tex.App.—Austin 1987, pet. ref'd); *Bishop v. State,* 695 S.W.2d 359, 362 (Tex.App.—Amarillo 1985, pet. ref'd). Contrary to the State's position, the trial court properly allowed Lisa Neal to testify about the jury misconduct and its affect upon her decision. A long established exception to the general rule against impeachment of a verdict allows proof of jury misconduct for which a new trial is statutorily mandated. *Bishop v. State,* 695 S.W.2d at 362 n. 2.

■ In view of Lisa Neal's clear, unimpeached testimony that the improper jury discussion influenced her to find appellant guilty, when she otherwise would have voted not guilty, we hold the trial court abused its discretion in overruling appellant's motion for new trial.

The judgment is reversed, and the cause is remanded for a new trial.