Raymond Harold LEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 1215–89.

Court of Criminal Appeals of Texas, En Banc.

June 20, 1990.

Terrence Gaiser, court appointed on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Mary Lou Keel and Jose Gonzalez–Falla, Asst.

---

Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant in this cause was convicted of the offense of burglary of a habitation and his punishment was assessed by the jury at 55 years in the Texas Department of Corrections. On appeal, the First Court of Appeals reversed and remanded the conviction, holding that the trial court erred in failing to grant appellant's motion for new trial alleging jury misconduct. *Lee v. State*, 775 S.W.2d 59 (Tex.App.—Houston [1st] 1989). In its petition for discretionary review the State now contends the court of appeals erred in considering testimony of the jury foreman at the motion for new trial hearing. The foreman testified that appellant's jury discussed his failure to testify during deliberations at the guilt phase of trial, and that these discussions influenced her to change her vote to guilty. The State argues that evidence of how a juror was influenced is inadmissible under Tex.R.Cr.Evid., Rule 606(b). We granted the State's petition to address this argument. Tex.R.App.Pro., Rule 200(c)(4) & (6).

In its brief below the State urged the court of appeals to discount the foreman's testimony as to how the improper jury discussion influenced her vote because such testimony was inadmissible under Rule 606(b), supra. In its analysis, however, the court of appeals never alluded to the rule. Instead, in deciding the question whether the testimony was admissible, the court of appeals relied upon caselaw predating effective date of the Rules of Criminal Evidence. The court of appeals opined:

"Contrary to the State's position, the trial court properly allowed [the foreman] to testify about the jury misconduct and its affect [sic] upon her decision. A long established exception to the general rule against impeachment of a verdict allows proof of jury misconduct for which a new trial is statutorily mandated. *Bishop v. State*, 695 S.W.2d [359,] at 362 n. 2 [ (Tex.App.—Amarillo 1985) ]."

775 S.W.2d at 64. Manifestly the court of appeals ignored the State's entreaty to measure admissibility of the foreman's testimony against Rule 606(b), supra. Trial in this cause occurred in June of 1988; the Rules of Criminal Evidence were applicable.

Because the court of appeals has not decided whether the evidence at issue here was admissible under Rule 606(b), supra, that question is not ripe for our review. In our discretionary review capacity we review "decisions" of the courts of appeals. See Article V, § 5, Texas Constitution; Article 44.45, V.A.C.C.P.; Tex.R.App.Pro., Rule 200(a). Therefore, rather than treat the merits of the State's contention for the first time on petition for discretionary review, we will exercise our power of supervision to vacate the judgment of the court of appeals and remand the cause to that court for reconsideration of appellant's sole ground of error.*

Accordingly, the judgment of the court of appeals is vacated and the cause remanded for further proceedings not inconsistent with this opinion.

TEAGUE, J., dissents.

---

\* We note that the State failed to raise objection to the foreman's testimony at the motion for new trial hearing, either as to what was discussed in the jury room, or as to how that discussion influenced her vote. In fact, while objecting successfully to any testimony she might give as to how events affected the thinking of *other* jurors, on authority of Rule 606(b), supra, the State nevertheless expressly agreed the foreman could testify as to how she herself was influenced. It may be the court of appeals did not consider admissibility of the evidence under Rule 606(b), supra, for the simple reason that the State waived any objection on that basis. If that is the case, the court of appeals should make its rationale more explicit upon remand.