**Encarnacion REYNA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–001–CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 7, 1993.

**500**

Kyle Welch, McAllen, for appellant.

Theodore C. Hake, Cynthia A. Morales, Asst. Criminal Dist. Attys., Rene Guerra, Dist. and County Atty., Edinburg, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

NYE, Chief Justice.

Encarnacion Reyna appeals from his conviction on the basis of jury misconduct. We are compelled to reverse the trial court's judgment because the record contains unequivocal evidence of jury misconduct which was uncontroverted by the State. Because we find the evidence sufficient to support appellant's conviction for aggravated sexual assault, we remand the cause for a new trial.

The State charged appellant with aggravated sexual assault of E.L., his thirteen-year-old step-daughter. The indictment contained four paragraphs, identical in language except for the manners and means by which appellant accomplished the act. It alleged that appellant: (1) penetrated the victim's mouth with his sexual organ, (2) penetrated the victim's female sexual organ with his sexual organ, (3) contacted the victim's female sexual organ with his sexual organ, and (4) contacted the victim's anus with his sexual organ. The charge instructed the jury that they should find appellant guilty of the offense if they found beyond a reasonable doubt that he performed any one of the acts alleged. The jury returned a general verdict of guilty and assessed punishment at 25 years in prison.

■ Appellant alleges that the State failed to corroborate his confession with sufficient evidence to prove every manner and means alleged in the indictment. We begin our analysis by stating that we disagree with appellant's contention that the State had to establish the corpus delicti for each of the manners alleged. No error is presented by the fact that appellant's indictment contained four paragraphs, each with a different manner and means. An indictment may contain as many paragraphs as necessary to allege the various manners and means of committing the one alleged offense. *Braughton v. State,* 749 S.W.2d 528, 530 (Tex.App.—Corpus Christi 1988, pet. ref'd), *cert. denied,* 493 U.S. 870, 110 S.Ct. 198, 107 L.Ed.2d 152 (1989). When a general verdict is returned, and the evidence is sufficient to support a finding of guilt under any of the paragraph allegations submitted, the verdict will be upheld. *Fuller v. State,* 827 S.W.2d 919, 931 (Tex. Crim.App.1992). Neither was the State required to make an election of which manner it wanted to submit to the jury, since it alleged one offense, occurring on a particular day, and committed in one of four different ways. *See Braughton,* 749 S.W.2d at 530. We review the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found all elements of the charged offense beyond a reasonable doubt.

■ The State introduced appellant's confession. In it, he admitted doing the acts alleged but claimed that he and E.L.'s relations were consensual. Appellant expressly admitted having oral sex with E.L. on the morning alleged in the indictment. Appellant does not challenge the admission of the confession. Dr. Nassar Nakissa, who examined E.L., testified for the State about statements E.L. made to him during the examination. These statements established penetration in all of the manners alleged by the State. For purposes of appellate review of evidentiary sufficiency, even inadmissible hearsay has probative substantive value. *Chambers v. State,* 711 S.W.2d 240, 247 (Tex.Crim.App.1986). Appellant concedes that E.L.'s hearsay statements were properly admitted as statements made for purposes of medical diagnosis. Nakissa further stated that the girl's hymen showed evidence of continuous penetration, and his opinion was that she could have been sexually abused. Officer Raul Vallejo testified that E.L. told him that oral and anal penetration had occurred on the morning in question. Although

hearsay, this evidence came in without objection from appellant and provides evidentiary support for his conviction.

■ Appellant next avers that the State did not prove that he committed the act "by criminal means," did not independently prove his identity, and did not prove the date of the offense as alleged. In this case, the State need not prove that appellant accomplished the offense by "criminal means." Here, the victim was under fourteen years old. Consequently, consent is not a defense. TEX.PENAL CODE ANN. § 22.-021(d) (Vernon 1989). Next, the State was not required to independently prove appellant's identity because identity is not part of the corpus delicti of sexual assault. *See Gibbs v. State*, 819 S.W.2d 821, 834–35, & 835 n. 3 (Tex.Crim.App.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1205, 117 L.Ed.2d 444 (1992); *Gribble v. State*, 808 S.W.2d 65, 70 (Tex.Crim.App.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2856, 115 L.Ed.2d 1023 (1991). The corpus delicti for sexual assault, as alleged here, is the contact or penetration of that portion of the victim's body by the actor's sexual organ. *See Smith v. State*, 742 S.W.2d 847, 850 (Tex.App.—Austin 1987, no pet.); TEX.PENAL CODE ANN. § 22.021(a)(1)(B), (2)(B) (Vernon 1989). Appellant identified himself as the actor by his own confession, and the State needed no independent corroboration. Appellant's confession and E.L.'s statements to Vallejo provided evidence of the date of the offense.

The four paragraph indictment alleging four different manners and means presents no error here. The record contains strong evidence corroborating appellant's confession. This evidence came in without objection from appellant, and he concedes before this Court that such evidence was properly admitted. Based upon our review of the entire record, we conclude that a rational trier of fact could have found all of the essential elements of the charged offense beyond a reasonable doubt. *Rodriguez v.*

*State*, 819 S.W.2d 871, 873 (Tex.Crim.App. 1991). Point one is overruled.

By point two, appellant claims that the trial court erred in denying his motion for new trial because the jury improperly discussed and considered his failure to testify. Appellant submitted twelve juror affidavits with his motion for new trial. Defense counsel read portions of the affidavits into the record at the hearing but presented no live testimony. After counsels' arguments, the trial judge took the case under advisement, stating that he would review the affidavits.[1] Ultimately, the court denied the motion.

■ A new trial shall be granted an accused if the court finds the jury has engaged in such misconduct that the accused has not received a fair and impartial trial. TEX.R.APP.P. 30(b)(8). Issues of fact regarding jury misconduct raised at a hearing for new trial are for the determination of the trial judge. His decision will not be reversed absent a showing of an abuse of discretion. *Beck v. State*, 573 S.W.2d 786, 791 (Tex.Crim.App.1978); *Baldonado v. State*, 745 S.W.2d 491, 495 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Garza v. State*, 695 S.W.2d 58, 59 (Tex.App.—Corpus Christi 1985, no pet.).

■ Four of the jurors' affidavits state: "We took into consideration that the defendant did not testify." The defendant's failure to testify shall not be taken as a circumstance against him. *Kopanski v. State*, 713 S.W.2d 188, 191 (Tex.App.—Corpus Christi 1986, no pet.); TEX.CODE CRIM. PROC.ANN. § 38.08 (Vernon 1979). However, not every mention of the defendant's failure to testify requires reversal. *Powell v. State*, 502 S.W.2d 705 (Tex.Crim.App. 1973); *Kopanski*, 713 S.W.2d at 191. To be reversible, such a reference must amount to a discussion by the jurors or be

1. Although appellant's counsel never introduced the whole of each affidavit into evidence, he read portions of them at the hearing. This, in addition to the fact that the trial judge said he would consider them, without objection from the State, shows that the parties and the trial court considered the affidavits as evidence. *See Heberling v. State*, 834 S.W.2d 350, & 355–56 n. 6 (Tex.Crim.App.1992).

used as a circumstance against him. *Powell*, 502 S.W.2d at 711.

The jury was charged as follows:

In the event [the defendant] elects not to testify, the fact cannot be taken as a circumstance against him. In this case, the Defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the Defendant.

The State called no jurors and presented no evidence to rebut the statements in the affidavits.

■ The statements in the four affidavits that "we took into consideration that the defendant did not testify" are uncontroverted evidence that the jury discussed and considered appellant's failure to testify. The use of the word "we" necessarily indicates that the jury as a group considered it. In order for the jury as a group to have done so, they must have discussed the matter. The State contends that six other affidavits lack any mention of such a discussion and therefore controvert the four statements. We disagree.

In *Smith v. State*, 530 S.W.2d 827, 829 (Tex.Crim.App.1975), the court held that the State produced no evidence to controvert the defendant's showing of jury misconduct. In *Smith*, the defendant demonstrated that the jury discussed his failure to testify when one juror told the others she thought the defendant was guilty because he did not testify. The State then introduced nine juror affidavits. All of them contained a general statement that no jury misconduct occurred. The affidavits did not state whether the jury discussed appellant's failure to testify. The Court of Criminal Appeals held that the affidavits contained no evidence rebutting the proof that the jury discussed and considered the appellant's failure to testify. *Smith*, 530 S.W.2d at 830.

■ Similarly, here, the absence of any reference to the consideration of appellant's failure to testify in six affidavits does not constitute evidence which controverts the statement in the four. The jury violated the court's explicit instructions and discussed appellant's failure to testify. There is no indication that any member of the jury stopped the discussion. *See Lee v. State*, 775 S.W.2d 59, 62–64 (Tex.App.—Houston 1989), *vacated on other grounds*, 791 S.W.2d 141 (Tex.Crim.App.1990), *reinstated*, 816 S.W.2d 515 (Tex.App.—Houston 1991, pet. ref'd); *Batres v. State*, 727 S.W.2d 83, 86 (Tex.App.—San Antonio 1987), *pet. dism'd, improv. granted*, 762 S.W.2d 611, 612 (Tex.Crim.App.1988); *But cf. Kopanski*, 713 S.W.2d at 191 (each time discussion of defendant's failure to testify initiated, foreman stopped discussion by cautioning jury such consideration was improper).

■ We also find uncontroverted evidence that a particular juror considered appellant's failure to testify as a circumstance against him, in direct disregard of the court's charge. One juror stated:

In deliberating on the verdict, we took into consideration that the defendant did not testify on his own behalf. I think he should have testified. I feel he should have spoken up and defended himself.

Another said:

I feel that the defendant did not put on any evidence to tell us what happened. I feel that the defendant did not testify because he had already been questioned again (sic). He had already told his story to the police.

The first affidavit suggests that this juror personally considered appellant's failure to testify as a circumstance against him. The second statement is equally consistent with a mere acknowledgement that appellant did not want to· duplicate evidence. While we do not believe the second statement *unequivocally establishes* that this juror considered the failure to testify as a circumstance against appellant, we find that the first statement does suggest such misconduct. If even a single juror voted guilty because of improper consideration of a defendant's failure to testify, then the defendant has been denied a fair

and impartial trial. *See Lee,* 775 S.W.2d at 64.

The State claims that the jurors' affidavits are incredible because they all follow the exact same form and wording. They are so similar, the State argues, that the affidavits were clearly dictated by defense counsel, and the trial court was within his discretion to disbelieve them. We agree that the affidavits exhibit remarkable similarity. Still, the jurors swore to the statements contained therein. The four affidavits show that the jury discussed and considered appellant's failure to testify. The statement of at least one juror contains uncontroverted evidence that he used appellant's failure to testify as a circumstance against appellant. An order denying a motion for new trial "ordinarily will not be disturbed if the court has determined, *on conflicting evidence,* that the alleged misconduct did not in fact occur, or that the statement was made casually or incidentally." *Smith,* 530 S.W.2d at 829–30.

No such showing was made here. The State wholly failed to produce any affidavits or other evidence to contradict appellant's showing that the jury discussed and considered his failure to testify. As such, the trial court abused its discretion in denying appellant's motion for new trial. *Smith,* 530 S.W.2d at 829–30. Appellant's second point of error is sustained. Because we dispose of the case on this point, we decline to address appellant's two remaining points of error. TEX.R.APP.P. 90(a).

The judgment of the trial court is REVERSED and the cause is REMANDED for a new trial.