Casey Joe Jones v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-063-CR

     CASEY JOE JONES,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law
Coryell County, Texas
Trial Court # 98-44834
                                                                                                                

O P I N I O N
                                                                                                                

      A jury convicted Casey Joe Jones of assault causing bodily injury and assessed punishment
at a $1,000 fine. See Tex. Pen. Code Ann. § 22.01 (Vernon 1994 & Supp. 1998). He appeals,
alleging that the trial court “erred in holding evidence sufficient to sustain the conviction,” when
1) the State’s proof failed to sustain descriptive averments made in the information; 2) there was
a material and fatal variance in the allegations made and the evidence admitted at trial; and 3) there
was insufficient evidence produced that an assault had occurred. Jones combined his arguments
into one point. Measuring the sufficiency of the evidence against the “hypothetically correct jury
charge,” we find it sufficient to support the verdict, and we will affirm the judgment.
FACTS
      On November 23, 1997, the police received a call about a domestic dispute, and Officer
Willie Dove responded. When he arrived, Dove witnessed Jones and Kelly Scoville arguing in
the front yard. After talking with each of them, Dove determined that Scoville had been beaten
by Jones. He then arrested Jones and sent Scoville to the police department to have her injuries
photographed. Prior to trial, Scoville attempted to have the charges dropped, but Dove, as the
“complaining party,” refused to do so. Scoville unwillingly appeared at trial as a State’s witness.
SUFFICIENCY OF THE EVIDENCE
      In conducting a factual-sufficiency review, we examine all of the evidence impartially, and
set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). The jury is the judge of the facts and we
will defer to the jury, finding the evidence factually insufficient only where necessary to prevent
manifest injustice. Cain, 958 S.W.2d at 407.
      The sufficiency of the evidence is measured only by the elements of the offense as defined by
the hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997). In Malik, the Court of Criminal Appeals wrote:
No longer shall sufficiency of the evidence be measured by the jury charge actually given. 
Nevertheless, we recognize that measuring sufficiency by the indictment is an inadequate
substitute because some important issues relating to sufficiency--e.g. the law of parties and
the law of transferred intent--are not contained in the indictment. Hence, sufficiency of the
evidence should be measured by the elements of the offense as defined by the hypothetically
correct jury charge for the case. Such a charge would be one that accurately sets out the law,
is authorized by the indictment, does not unnecessarily increase the State's burden of proof
or unnecessarily restrict the State's theories of liability, and adequately describes the
particular offense for which the defendant was tried. 

Id. at 239-40 (citations and footnote omitted). Measuring the sufficiency of the evidence against
the hypothetically correct jury charge, proof of the elements of assault with bodily injury by any
one of the manner and means alleged will be sufficient. Lehman v. State, 792 S.W.2d 82, 84
(Tex. Crim. App. 1990); Aquirre v. State, 732 S.W.2d 320, 326 (Tex. Crim. App. 1982);
Zanghetti v. State, 618 S.W.2d 383, 387 (Tex. Crim. App. 1981); Reyna v. State, 846 S.W.2d
498, 500 (Tex. App.—Corpus Christi 1993, no pet.).
      The information alleged in part that:
[Jones] did then and there intentionally, knowingly, and recklessly cause bodily injury to
Kelly Scoville by grabbing her head, banging it against the couch, dragging her across the
floor by her hair, squeezing her neck and cutting her lip. 

      Dove and Scoville testified at trial. Dove testified that he arrived on the scene and asked
Scoville what had happened. He testified he made a determination to arrest Jones for beating
Scoville based on what Scoville told him and on her appearance:
From what she told me, looking at her bruising, also she was standing there, she was pulling
her hair out — what she said, he had pulled her hair out and drug her across the floor, and
that he had her in a headlock and the only way she could get out of that headlock was to bite
him on the arm so he would let her go. . . . 

      Scoville testified that, although she and Jones did have a physical fight, she started it by
slapping him. She testified that he in turn “grabbed” her head and “laid” her down on the couch. 
Scoville testified that she next attempted to make a phone call, but that Jones grabbed her from
behind, put her on the ground, and sat on top of her. When asked whether Jones grabbed her hair,
she stated that her hair got caught in his bracelet and pulled when he put her on the floor. 
      Four photographs were taken the day of the incident to show bruising on Scoville’s body. 
When asked to look at the pictures, Scoville testified that some of the wounds were self-inflicted,
but that Jones may have caused some of them because she bruised easily because she was low on
iron. The State prosecutor asked Scoville about the statement that she gave to Dove on the day
of the incident. He stated, “you indicated that he grabbed your head and squeezed and bounced
it into the arm of the couch. Now, is that correct or not?” Scoville admitted that Jones had
“squeezed a little bit,” but not enough to “hurt” her. Scoville testified that this was not her first
physical altercation with Jones and that the police had been to their house on a number of prior
occasions. 
      Having reviewed all of the evidence and having measured its sufficiency against the
hypothetically correct jury charge, we find that Jones’ conviction for assaulting Scoville, namely
by grabbing her head and squeezing her neck, is not so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Clewis, 922 S.W.2d at 129; Malik, 953 S.W.2d
at 240. Points one, two, and three are overruled.

 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 19, 1998
Do not publish