NUMBER 13-03-255-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
ROBERTO BUENTELLO,                                                             Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 94th District Court
of Nueces County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Chief Justice Valdez
          After a jury trial, appellant, Roberto Buentello, was convicted of three counts of
aggravated sexual assault of a child and one count of indecency with a child. The trial
court assessed punishment at twenty-five years confinement for each count of aggravated
sexual assault and fifteen years confinement for the count of indecency with a child. 
Appellant raises the following two issues on appeal: (1) the evidence was insufficient to
establish venue, and (2) the evidence was factually insufficient to support the verdict. We
disagree and affirm the judgment of the trial court.
I. FACTUAL AND PROCEDURAL BACKGROUND
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
basic reasons for it. See Tex. R. App. P. 47.4. 
II. ANALYSIS
A. Venue
          In his first issue, appellant contends that the State failed to carry its burden of
establishing Nueces County as the proper county of venue, and the trial court erred by
denying appellant’s motion for directed verdict on the issue. Specifically, appellant asserts
that: (1) neither the victim nor the outcry witness testified to the location of the assault; (2)
the medical records revealed no physical evidence of the assault, providing no evidence
to support a reasonable conclusion that the assault occurred recently while the child
resided in Nueces County; (3) no other evidence was produced in the State’s case-in-chief
to show that the assault took place in Nueces County; and (4) the record contains
conflicting evidence suggesting that the offense could have occurred in another county
where the child resided just months before the outcry statement was made.
              In sexual assault and indecency cases, venue is proper in the county in which the
offenses were committed. See Tex. Code Crim. Proc. Ann. art. 13.15 (Vernon Supp.
2004) (sexual assault); Tex. Code Crim. Proc. Ann. art. 13.18 (Vernon 1977) (other
offenses). For the State to establish venue, “it shall only be necessary to prove by the
preponderance of the evidence that by reason of the facts in the case, the county where
such prosecution is carried on has venue.” Tex. Code Crim Proc. Ann. art. 13.17 (Vernon
1977). In meeting this burden, the State may rely on direct or circumstantial evidence, and
the jury may draw reasonable inferences from the evidence presented. Black v. State, 645
S.W.2d 789, 790 (Tex. Crim. App. 1983); Edwards v. State, 97 S.W.3d 279, 285 (Tex.
App.–Houston [ 14th Dist.] 2003, pet. ref’d); Kopanski v. State, 713 S.W.2d 188, 190 (Tex.
App.–Corpus Christi 1986, no pet.). The evidence presented at trial is sufficient to prove
venue if the jury “may reasonably conclude [from the evidence] that the offense was
committed in the county alleged.” Rippee v. State, 384 S.W.2d 717, 718 (Tex. Crim. App.
1964). Failure to establish necessary facts to prove venue in the county of prosecution
constitutes reversible error on appeal. Black, 645 S.W.2d at 791. 
          The State presented the following evidence to prove venue: (1) in September 2001,
the victim, who was four years old at the time, told her grandmother that her private parts
hurt; (2) for at least two months prior to September 2001, the victim resided in Nueces
County at her grandmother’s or aunt’s residence; (3) appellant had access to the child at
both locations; and (4) Kenna Hamilton Busch, a counselor at the Child Advocacy Center
and the outcry witness, testified that the victim told her on September 12, 2001, that the
incident occurred “yesterday,” and, from Busch’s professional experience, such a
statement would indicate the incident occurred within a short period of time. We conclude 
the State presented sufficient evidence from which a reasonable jury could conclude or
infer that the offenses were committed in Nueces County. Accordingly, we overrule
appellant’s first issue. 
B. Factual Sufficiency
         In his second issue, appellant contends that the evidence was factually insufficient
to sustain his conviction, “asserting that the State failed to prove the elements of assault
beyond a reasonable doubt.” When reviewing the factual sufficiency of the elements of
the offense on which the State carries the burden of proof, we impartially examine all of the
evidence and set aside the verdict only if “proof of guilt is so obviously weak as to
undermine confidence in the [fact finder’s] determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by the contrary proof.” Swearingen v. State,
101 S.W.3d 89, 97 (Tex. Crim. App. 2003). We review the evidence weighed by the fact
finder that tends to prove the existence of a disputed elemental fact and compare it to
evidence that is contrary to the disputed fact. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000). However, we do not intrude upon the jury’s role as the sole judge of the
weight and credibility given to witness testimony. Id. Due deference must be accorded to
the fact finder’s determinations on the weight and credibility of the evidence, and we may
not merely substitute our own judgment. Swearingen, 101 S.W.3d at 97; Johnson, 23
S.W.3d at 7.
          In analyzing issues of factual sufficiency, the evidence is measured against the
elements of the offense as defined by a hypothetically correct jury charge. Wheaton v.
State, 129 S.W.3d 267, 272 (Tex. App.–Corpus Christi 2004, no pet.); Adi v. State, 94
S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref’d). “Such a charge would be
one that accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for which the defendant 
was tried.” Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
          Section 22.021 of the penal code, under which appellant was convicted, states in
relevant part that a person commits the offense of aggravated sexual assault if the person
intentionally or knowingly “(iii) causes the sexual organ of a child to contact or penetrate 
the mouth, anus, or sexual organ of another person, including the actor; [or] (iv) causes the
anus of a child to contact the mouth, anus, or sexual organ of another person, including
the actor; ...and (2) if: ... (B) the victim is younger than 14 years of age.” Tex Pen. Code.
Ann. § 22.021(a)(1)(B)(iii), (iv), (2)(B) (Vernon Supp. 2004).


 Section 21.11 of the penal
code, under which appellant was also convicted, states in relevant part that a person
commits the offense of indecency with a child if, “with a child younger than 17 years and
not the person’s spouse, ...the person: ...(2) with intent to arouse or gratify the sexual
desire of any person: (A) exposes the person’s anus or any part of the person’s genitals,
knowing the child is present.” Tex. Pen. Code Ann. § 21.11(a)(2)(A) (Vernon 2003).
          Appellant asserts generally that the evidence is factually insufficient to support the
verdict. Specifically, appellant contends that “the verdict is against the great weight and
preponderance of the available evidence, when taken into consideration with the victim’s
inconclusive testimony at trial, the failure to prove venue in Nueces County, and the
question of the content and veracity of the child’s testimony.”



          With regard to venue, we have overruled appellant’s argument. With regard to the
child’s testimony, the State’s case rested primarily on the testimony of the victim and her
outcry statement. Nevertheless, the testimony of a child victim alone may be sufficient to
support a conviction for both charged offenses. See Tex. Code Crim. Proc. Ann.
art. 38.07 (Vernon Supp. 2004); Perez v. State, 113 S.W.3d 819, 838 (Tex. App.–Austin
2003, pet. ref’d). Moreover, the jury is the sole judge of the credibility of the witnesses and
the weight to be given the evidence and may choose to believe all, some, or none of it. 
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v. State, 34 S.W.3d 912,
919 (Tex. Crim. App. 2000); Perez, 113 S.W.3d at 838. 
          At trial, the victim testified, through the use of demonstrative evidence,


 that she
was touched on her sexual organ by appellant. Further, Busch, the outcry witness, testified
that the victim, through questioning and use of anatomically correct dolls, was able to
convey the followings facts: (1) appellant touched her on her sexual organ with his sexual
organ and mouth; (2) appellant caused his sexual organ to come in contact with her anus;
(3) appellant forced the victim to hold his sexual organ in her hands; and (4) appellant
ejaculated.
          To rebut the State’s case, appellant testified in his own defense and stated that the
victim’s maternal grandmother was telling the victim to make the statements against him.
He denied having any sexual contact with the victim. Appellant’s nephew testified that in
June or July of 2001, he heard the victim say, “my daddy molested me.” When he
questioned her about it, she told him that her grandmother had told her to say it. 
          The jury was able to hear and view the testimony of both the victim and the other
witnesses for the State, as well as testimony supporting appellant. It is well within the
province of the jury to judge the veracity and truthfulness of the witnesses before it and
deduce the truth. We conclude that the evidence supporting the convictions for aggravated
sexual assault of a child and indecency with a child is not so obviously weak as to be
clearly wrong and manifestly unjust or greatly outweighed by the contrary proof. 
Accordingly, we overrule appellant’s second issue. 
                                                     III. CONCLUSION
          We affirm the judgment of the trial court.

          
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 27th day of August, 2004.