IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1613-06





THOMAS JASON KINDER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Johnson, J., delivered the opinion of the Court in which Meyers, Price,
Womack, Hervey, Holcomb and Cochran, JJ., joined. Keller, P.J., and Keasler,
J., concurred.


O P I N I O N



 Appellant was charged by indictment with unlawful possession of a firearm by a felon. After the
trial court denied appellant's suppression motion, appellant entered an open plea of guilty to the trial court,
and it found him guilty of unlawful possession of a firearm by a felon. The trial court then sentenced
appellant to confinement in the Texas Department of Criminal Justice-Institutional Division-for five years. 
Appellant appealed the trial court's denial of his suppression motion. The court of appeals affirmed the trial
court's judgment. Kinder v. State, No. 05-05-00180-CR, 2006 Tex.App. LEXIS 6474 (Tex.
App.-Dallas, delivered July 25, 2006) (not designated for publication). We granted appellant's sole
ground for review, and we now affirm the judgment of the court of appeals.

 On direct appeal, appellant raised five points of error, each of which challenged the trial court's
decisions to deny his suppression motion and to allow his motion for new trial to be overruled by operation
of law. The court of appeals overruled four of appellant's points, and based upon its conclusions regarding
those points, it declined to address appellant's remaining point, standing to challenge the search. Kinder,
supra. Upon discretionary review, we granted appellant's sole ground: "Should the exigency of destroying
marijuana be based upon subjective observations or should the emphasis be placed on the fact-specific
nature of the inquiry?"

 The record of the testimony from the suppression hearing reflects that appellant was arrested inside
an apartment by police who were looking for two young women who were suspected of stealing from a
mail box. The officers were knocking on apartment doors seeking the two female mail-theft suspects when
appellant answered the door after officers knocked. Slightly opening the front door, his head "in the
crack," appellant conversed with the officers and informed them that he was there by himself and that the
two females the police were looking for were not there. During that conversation, the officers smelled the
odor of fresh marijuana coming from the apartment. (1) The officers also testified that, at the door, appellant
exhibited a very nervous demeanor and glassy eyes. He appeared to be under the influence of a drug, was
evasive in answering questions, "was acting very suspicious as far as he didn't want us to see inside the
apartment," and "acted as if he really didn't want us there." Appellant denied their request for consent to
enter, but the officers decided that they needed to go in, i.e. "to go ahead and to make entry and to secure
the scene, just until we could get a warrant, due to the smell of marijuana." The officers entered and
secured appellant, then made a protective sweep of the apartment, during which one of the officers
observed, in plain view in a bedroom, a semi-automatic handgun, a rifle, and a clear baggie of marijuana. 
No one else was found in the apartment. Appellant was arrested for possession of marijuana and
outstanding warrants. Police later determined that appellant had a prior felony conviction and charged him
with possession of a firearm by a felon. It does not appear that the officers ever requested or obtained a
warrant.

 Appellant challenged the search of the apartment and the seizure of the guns and marijuana on
Fourth Amendment grounds. After a hearing, the trial court denied appellant's suppression motion.

 After analyzing the testimony from the motion to suppress hearing, the court of appeals concluded
that the police officers had probable cause to believe there was marijuana inside the apartment and that
exigent circumstances sufficient to justify entry into the apartment existed. Id. at *14-16. Pursuant to Tex.
R. App. P. 47.1, the court of appeals did not address appellant's remaining point of error, which asserted
his standing as "at least an overnight guest," as it was not necessary to the final disposition of the appeal. 
Id.

 We observe that appellant's brief makes no mention of the sole ground for review raised in his
petition for discretionary review. Rather, appellant's brief lists and discusses three "points of error
presented." All three of these "points of error" begin by asserting, "The trial court erred in denying [the]
motion to suppress evidence . . .." These three "points of error" correspond with some of appellant's
points of error raised in his brief on direct appeal before the court of appeals.

 Appellant's brief discusses the factual evidence elicited at the suppression motion hearing and the
legal ramifications of it, but it is focused more on assertions that the trial court erred rather than challenging
alleged error in the court of appeals' decision in this cause. We note that "point of error number two" of
appellant's brief to this Court asserts trial-court error in denying his suppression motion based upon his lack
of standing, while the court of appeals's opinion specifically states that it did not address that issue. See
Kinder, 2006 Tex.App. LEXIS 6474 at * 17. Thus, there is no decision of a court of appeals on that issue
for us to review. When we exercise our discretionary review authority, we review decisions made by
courts of appeals, rather than decisions not made by courts of appeals. See, e.g., Lee v. State, 791
S.W.2d 141, 142 (Tex. Crim. App. 1990) ("In our discretionary review capacity we review 'decisions'
of the courts of appeals.")

 Appellant's sole ground for review asked whether the exigency of destroying marijuana should be
based upon subjective observations or should the emphasis be placed on the fact-specific nature of the
inquiry. Therefore, irrespective of his brief's "point of error," that question is the sole issue before us. 
Although appellant's brief does not specifically address that question, he does assert that the officers had
only subjective opinions and that there were no objective facts indicating that exigent circumstances existed
as to the destruction of contraband.

 Appellant questions the propriety of finding exigent circumstances based on these officers'
subjective feelings regarding his demeanor, purported nervousness, and evasiveness. Appellant argues that
subjective hunches and suspicions alone should not be determinative of whether exigent circumstances exist;
in looking at the facts of this case, the total of all of the subjective observations do not constitute even one
fact when judged against an objective standard. He suggests that any exigent circumstances that might have
existed were with respect to the suspected female mail thieves, not the opinions of him that the officers
formed after he answered the door. He asserts that, in approving the search of the apartment, reason and
objectivity were replaced by subjective suspicion.

 Although not directly challenging the court of appeals' analysis, appellant does discuss several
opinions that the court of appeals discussed in its opinion, including Estrada v. State, 154 S.W.3d 604
(Tex. Crim. App. 2005), McNairy v. State, 835 S.W.2d 101 (Tex. Crim. App. 1991), and West v.
State, 720 S.W.2d 511 (Tex. Crim. App. 1986). In this case, the only issue before us, as expressed in
appellant's sole question for review, is whether the determination of the exigency of the prevention of the
destruction of marijuana should be made based upon subjective observations or have a fact-specific
emphasis. Appellant raises no issue as to the applicability of Steelman's holding in regard to whether the
odor of burned marijuana provided probable cause to arrest the subject. Nevertheless, appellant's brief
does assert that the officers' subjective opinions do not provide any objective facts indicating that exigent
circumstances existed as to the destruction of the marijuana contraband.

 In McNairy v. State, 835 S.W.2d 101, 107 (Tex. Crim. App. 1991), we noted that situations
creating exigent circumstances sufficient to justify a warrantless entry "usually include factors pointing to
some danger to the officer or victims, an increased likelihood of apprehending a suspect, or the possible
destruction of evidence." We also discussed factors relating to such possible destruction of evidence,
including the reasonable belief that the contraband is about to be removed; the possibility of danger to
police officers guarding the site of the contraband while a search warrant is sought; the suspect's awareness
of police presence; and the ready destructibility of the contraband. Id.

 In the instant case, after answering the door and conversing with police, appellant obviously knew
of the police presence. The marijuana odor alerted officers to the presence of contraband, and appellant
would have had the opportunity to remove, hide, or destroy it had the officers left to get a warrant before
securing the premises. At the suppression hearing, appellant himself testified that, after he answered the
apartment door, the officers told him that they smelled marijuana and unsuccessfully sought permission to
enter and talk about it, and then said they were "going to go get a warrant, come back[,] and you're going
to go to jail anyway." It is reasonable to believe that contraband would be removed or destroyed after
appellant had been personally told by police officers at the door that they smelled marijuana and were going
to go get a warrant and return to take him jail. We cannot conclude that the court of appeals erred in its
conclusion that exigent circumstances justified the warrantless entry into the apartment.

 The U.S. Supreme Court has explicitly said, "Subjective intentions play no role in ordinary,
probable-cause Fourth Amendment analysis." Whren v. United States, 517 U.S. 806, 813 (1996). More
recently, the Supreme Court has said, "An action is 'reasonable' under the Fourth Amendment, regardless
of the individual officer's state of mind, 'as long as the circumstances, viewed objectively, justify [the]
action.'" Brigham City, Utah v. Stuart, ___ U.S. ___, ___, 126 S.Ct. 1943, 1948, 164 L.Ed.2d 650,
658 (2006), quoting Scott v. United States, 436 U.S. 128, 138 (1978). It added, "The officer's
subjective motivation is irrelevant." Id. This Court has said, "Whether a Fourth Amendment violation has
occurred 'turns on an objective assessment of the officer's actions in light of the facts and circumstances
confronting him at the time, and not on the officer's actual state of mind at the time the challenged action
was taken.'" O'Hara v. State, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000), quoting Maryland v.
Macon, 472 U.S. 463, 470-71 (1985).

 We conclude that the answer to appellant's sole ground for review is that the determination of
exigent circumstances in this case should not be based upon subjective observations, but rather on the
objective review of factual circumstances. (2) However, appellant has not convinced us that the court of
appeals failed to conduct its exigent-circumstances analysis using that standard.

 We affirm the judgment of the court of appeals.


Delivered: November 14, 2007

Do not publish
1. Steelman v. State, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002), also involved the odor of marijuana, but the
only issue before us was whether, under the applicable provisions of the Texas Code of Criminal Procedure, the
officers had probable cause to make a warrantless arrest of the subjects and to conduct a warrantless search of the
subjects' residence. We determined that the trial court could have reasonably concluded that the warrantless arrest
of one of the subjects was not lawfully made because the arresting officers did not have probable cause to believe
that the subject had committed an offense in their presence and that, lacking authority to make such a warrantless
arrest, the officers had no statutory authority to enter the residence without a warrant and conduct a search. Id. at
109-10. Thus in Steelman, our decision was based upon the absence of probable cause to make a warrantless arrest,
and there was no need to determine the existence of exigent circumstances that, when coupled with probable cause,
would have permitted officers to lawfully enter the subject's home to make a warrantless arrest. 
2. It does not appear from the record that the court of appeals used the objective versus subjective
dichotomy that appellant's ground for review now questions.