**AFFIRM; Opinion issued January 16, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-00415-CR

## DETORIUS TORME TARVER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F10-52447-J**

## OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion by Justice Justice O'Neill

Appellant appeals his jury conviction for aggravated robbery. After the jury found appellant guilty, the trial court assessed punishment, enhanced by two prior felony convictions, at forty years' confinement. In a single issue, appellant contends he received ineffective assistance of counsel. For the following reasons, we affirm the trial court's judgment.

To prevail on an ineffective assistance of counsel claim, an appellant must prove by a preponderance of the evidence that his attorney's conduct fell below an objective standard of reasonableness, and there is a reasonable probability that but for the attorney's unprofessional

1

errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

According to appellant, his trial counsel was ineffective for failing to file a motion for new trial based upon juror misconduct. To support his claim, appellant relies upon trial counsel's statements on the record following the verdict that a juror had told counsel that she considered appellant's failure to testify against him. On appeal, appellant complains trial counsel should have preserved a juror misconduct complaint by filing a motion for new trial supported by that juror's affidavit.

A motion for new trial is the proper vehicle for preserving alleged jury misconduct for appeal. *Trout v. State*, 702 S.W.2d 618, 620 (Tex. Crim. App. 1985). A motion for new trial alleging jury misconduct must be supported by the affidavit of a juror or other person who is in a position to know the facts. *Id.* However, under rule of evidence 606(b), a juror may only testify regarding outside influences improperly brought to bear upon a juror, or to rebut a claim the juror was not qualified to serve. Tex. R. Evid. 606(b). A juror may not testify about matters occurring during juror deliberations, or to the effect of anything on any juror's mind, emotions, or mental processes. Tex.R. Evid. 606(b); *McQuarrie v. State,* 380 S.W.3d 145, 154 (Tex. Crim. App. 2012).

Here, appellant contends trial counsel should have filed a motion for new trial supported by a juror's affidavit concerning internal juror deliberations and her own mental processes. To show such a motion for new trial should have been filed, appellant relies on cases that predate 1998 changes to rule 606(b) that made juror affidavits on such issues inadmissible. *See, e.g. Reyna v. State,* 846 S.W.2d 498, 502-03 (Tex. App.—Corpus Christi 1993, no pet); *Batres v. State,* 727 S.W.2d 83, 86 (Tex. App.–San Antonio 1987, pet. dism'd); *see also Hicks v. State,* 15

2

S.W.3d 626, 630 (Tex. App.—Houston 14th 2000, pet. ref'd) (explaining 1998 change to rule 606(b)). Because a motion for new trial based on a juror affidavit concerning internal juror deliberations or her own mental processes would have been improper, trial counsel's failure to file such a motion did not fall below and objective standard of reasonableness. We resolve the sole issue against appellant and affirm the trial court's judgment.


MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47


110415F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Detorius Torme Tarver, Appellant

No. 05-11-00415-CR    V.

The State of Texas, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F10-52447-J.
Opinion delivered by Justice O'Neill.
Justices FitzGerald and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of January, 2013.

_____
MICHAEL J. O'NEILL
JUSTICE