Richard Lee BRANSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 50211.

Court of Criminal Appeals of Texas.

July 23, 1975.

G. Brockett Irwin, Longview, for appellant.

Donald R. Ross, County Atty. and David P. Brown, Asst. County Atty., Henderson, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for escape from custody as denounced by V.T.

C.A. Penal Code, Sec. 38.07. The jury assessed punishment at two years.

The record reflects that appellant escaped from the Rusk County Jail on July 28, 1974, where he was in custody following four felony convictions in the Fourth Judicial District Court in Rusk County.

Appellant contends that the court erred in refusing to grant his requested charge that it is a defense to the prosecution that the conduct in question is justified or that such conduct is justified if the actor reasonably believes the conduct is immediately necessary to avoid imminent harm.

Appellant recognizes that this is a case of first impression in Texas, but urges that he was justified in escaping from the Rusk County Jail to seek aid by counsel and in gaining relief from sordid jail conditions.

■ Appellant points to V.T.C.A. Penal Code, Sec. 9.02, which provides, "It is a defense to prosecution that the conduct in question is justified under this chapter." Appellant does not cite the Section in such chapter upon which he relies. We have reviewed Chapter 9 of the new Penal Code entitled, "Justification Excluding Criminal Responsibility," and conclude that it does not support appellant's contention that evidence that appellant left jail to seek aid from legal counsel and get relief from sordid jail conditions entitled him to his requested charge.

While the common law appears to have recognized that there was a possible defense to the crime of escape, a review of numerous cases furnishes no support to appellant's contention. The Court of Appeal for the Fourth District of California in the case of *People v. Lovercamp,* 43 Cal.App.3d 823, 118 Cal.Rptr. 110 (1974) stated:

"In 1 Hale P.C. 611 (1736), it was written that if a prisoner caught fire and a prisoner departed to save his life the necessity to save his life 'excuseth the felony.' So, too, we may assume that a prisoner with his back to the wall, facing a gang of fellow-inmates approaching him with drawn knives, who are making it very clear that they intend to kill him, might be expected to go over the wall rather than remain and be a martyr to the principle of prison discipline."

Numerous cases from other jurisdictions have held that intolerable living conditions in prison afforded no justification for escape. *State v. Davis,* 14 Neb. 439; *Hinkle v. Commonwealth,* 23 Ky.L.Rpt. 1988, 66 S.W. 816; *Johnson v. State,* 122 Ga. 172, 50 S.E. 65; *State v. Cahill,* 196 Iowa 486, 194 N.W. 191; *State v. Palmer,* 45 Del. 308, 72 A.2d 442.

We reject appellant's contention that the court erred in refusing to grant his requested charge on justification.

Appellant contends that the court erred when it ordered that the punishment assessed by the jury in the instant case would begin when the sentence on a preceding conviction (Cause No. 18,229, in which appellant was convicted for burglary on July 22, 1974 and assessed punishment of five years) shall have ceased to operate because the court "considered his own personal knowledge of defendant's record as a lawbreaker, prior conviction and bad reputation."

■ Unlike *Alley v. State,* 154 Tex. Cr.R. 145, 225 S.W.2d 970, relied on by appellant, where the court considered other convictions of the defendant which were not supported by the evidence in assessing punishment, the record in the instant case contains evidence of appellant's convictions. It is a matter of common knowledge that it costs money to keep inmates in prison, and we find no merit in appellant's argument that the court erred when he mentioned such fact at the time appellant was sentenced.

■ We find no merit in appellant's argument that the court should have followed the jury's recommendation that appellant's punishment in the instant case run

concurrently with other sentences. We find that the note in question merely inquired of the court whether it was proper to ask if sentences of appellant would run concurrently. Be that as it may, the trial court is vested with discretion under Art. 42.08, Vernon's Ann.C.C.P., to order two or more sentences to operate either concurrently or consecutively. *Banks v. State,* Tex.Cr.App., 503 S.W.2d 582; *Christopher v. State,* Tex. Cr.App., 489 S.W.2d 573; *Morales v. State,* Tex.Cr.App., 416 S.W.2d 403.

No error is shown.

The judgment is affirmed.

Opinion approved by the Court.