Arnulfo ACOSTA, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–219–CR.

Court of Appeals of Texas, Corpus Christi.

Sept. 16, 1982.

Larry Warner, Port Isabel, for appellant.

Edna Cisneros, Dist. Atty., Raymondville, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

OPINION

YOUNG, Justice.

This is an appeal from a conviction for escape from jail. Because the jury found that Arnulfo Acosta had been convicted of two prior felonies in California, his punishment was assessed at life imprisonment. We reverse.

In light of our disposition of this case, we need not engage in a lengthy recitation of the facts concerning the offense of escape. After the jury found the appellant guilty of this offense, the court held a hearing on the admissibility of the California convictions. In each of the prior convictions, the record reflects that an information was used instead of an indictment. The judgments filed with the trial court do not show that the appellant waived his right to an indictment; the remainder of the record is silent on the matter. Defense counsel objected to the use of the prior convictions for enhancement when no waiver of the indictment was shown. The trial court overruled all of appellant's objections. The appellant again urged his argument against use of the prior convictions in his motion for new trial, which the district court denied.

Texas Penal Code § 12.42 (Vernon 1974) provides:

"(d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confine-

ment in the Texas Department of Corrections for life."

In *Burgett v. Texas,* 389 U.S. 109, 114, 88 S.Ct. 258, 261, 19 L.Ed.2d 319 (1967), the United States Supreme Court reversed a Texas case in which the punishment was enhanced under the forerunner to § 12.42. The Court held that records of prior convictions of an indigent defendant which do not show that the defendant was represented by counsel or validly waived his Sixth Amendment right to an appointed attorney raise a presumption that he was denied that right. Stating that such convictions are presumably void when the record is silent as to waiver, the Court ruled that they may not be used to enhance punishment in a subsequent prosecution. *Id.*

In his first ground of error the appellant argues that the *Burgett* rationale also applies where the prior conviction is obtained through the use of an information and there is no showing of an effective waiver of an indictment. Appellant's argument has merit as we will demonstrate.

In addition to the right to counsel, Texas Constitution Art. I § 10 provides: "... and no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in cases in which punishment is by fine or imprisonment, otherwise than in the penitentiary, ..." Tex.Code Crim.Proc.Ann. art. 1.141 (Vernon 1977) permits the state to charge by information, other than a capital felony, when a person represented by legal counsel has voluntarily waived his right to an indictment either in open court or by written instrument. The Court of Criminal Appeals, in its decision upholding the constitutionality of this statute, has held that a waiver must be intelligently, voluntarily and knowingly given by the accused in order to be effective. *King v. State,* 473 S.W.2d 43, 52 (Tex.Cr.App.1971). This, of course, is the same test employed for waiver of other fundamental rights including the right of counsel. See *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). In the absence of an indictment or a valid waiver, the court lacks

jurisdiction to try the case. *King v. State,* supra at 49, 51–52. The record must reflect the waiver in order for the conviction to withstand an appellate challenge. *Lackey v. State,* 574 S.W.2d 97, 100 (Tex.Cr.App. 1978).

 From the foregoing authorities, it can be seen that a prior conviction obtained in a Texas court through the use of an information without a valid waiver of an indictment would be void. If an attempt were made to use such a conviction to enhance punishment, it would be subject to a collateral attack. *Galloway v. State,* 578 S.W.2d 142, 143 (Tex.Cr.App.1979). Since the law in other states is presumed to be the same as the law of Texas when not proved to be different, *Hall v. State,* 619 S.W.2d 156, 158 (Tex.Cr.App.1980), the prohibition against use of prior convictions not obtained by indictment or valid waiver is applicable to foreign convictions unless the State proves their validity. No evidence of the California law was introduced in the trial of this case. Therefore, the California convictions could not be used absent proof of a valid waiver. Unlike the record in *Gibbs v. State,* 544 S.W.2d 403 (Tex.Cr.App. 1977), the record before us contains nothing from which we can infer a valid waiver.

Since the jury assessed punishment, we may not remand for a new trial on punishment only. *Jefferson v. State,* 611 S.W.2d 102, 103 (Tex.Cr.App.1981).

The judgment of the trial court is reversed and the cause is remanded for a new trial.