Arnulfo ACOSTA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–81–219–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 3, 1983.

Brendan Hall, Harlingen, for appellant.

Edna Cisneros, Dist. Atty., Raymondville, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

This escape case was first considered by this Court on September 16, 1982. We reversed because we found that proof of enhancement allegations was insufficient. 654 S.W.2d 12. The Court of Criminal Appeals disagreed, *Acosta v. State,* 650 S.W.2d 827 (Tex.Cr.App.1983) and remanded the case for our consideration of the remaining grounds of error. We affirm.

■ In his second ground of error, the appellant complains that the trial court committed error by arraigning him one day after he was served with a copy of the indictment. The applicable statute requires a two-day interval between service and arraignment. Tex.Crim.Code Proc.Ann. art. 26.03 (Vernon 1966). No objection was raised. The right to two days between service of the indictment and arraignment may be waived and the waiver need not be in writing. *Gallegos v. State,* 425 S.W.2d 648, 650 (Tex.Cr.App.1968). By failing to object, appellant waived this error. Ground of error number two is overruled.

The third and seventh grounds concern an exchange of remarks between the trial judge and defense counsel, Mr. Larry Warner. This occurred during the reading of the indictment. The prosecution began to read the portion of the indictment which alleged that the accused escaped from the Willacy County jail where he was being held on a murder charge. Defense counsel objected and the court overruled the objection. Defense counsel asked if he could state his grounds, referring the Court to his motion in limine. That motion requested that the court order the district attorney to refrain from reading the part of the indictment concerning the murder charge because the prejudicial effect of this information would outweigh its probative value. Warner offered to refresh the judge's memory by restating the content of the motion. Again, the trial court stated only, "objection overruled." At that point the following occurred:

"Mr. Warner: Do you state whether or not you recall the grounds?

The Court: His Honor has a memory. Sit down. Have a seat, Mr. Warner.

Mr. Warner: My object—

The Court: Don't stall the case. Sit down at this time or I'll have an officer seat you. Please be seated.

Mr. Warner: May I have an opportunity to perfect a bill of exceptions?

The Court: You will have opportunities during the trial to protect your client, but I'm not going to have any more footdragging in this. We are going to try this case. Officer, seat the attorney.

Mr. Warner: I object to the Court's—

The Court: Please be quiet, Mr. Warner. Complete the reading of the first count."

■ The appellant complains that the judge's remarks conveyed his opinion of the case in violation of Tex.Code Crim.Proc. Ann. art. 38.05 (Vernon 1979). Ordinarily, counsel should not be reprimanded in the presence of the jury. *Banks v. State,* 510 S.W.2d 592, 595 (Tex.Cr.App.1974). From the record, it appears that Warner was simply trying to preserve error and had done nothing to provoke the trial court. Soon thereafter, however, the trial court instructed the jury to disregard any remarks between the court and counsel. Such an instruction is generally sufficient to cure any error. *Marks v. State,* 617 S.W.2d 250, 252 (Tex.Cr.App.1981). We hold that it cured the error here and we overrule the third ground.

■ The seventh ground of error states that the trial judge's remarks so diminished the defense counsel in the eyes of the jury that he was unable to provide effective assistance of counsel. Thus, his lawyer's performance is not the basis for appellant's complaint. This appears to be another shade of the same issue raised by the third ground of error: that the judge's remarks conveyed an opinion of the case or of defense counsel. For the same reasons we gave for overruling the third ground of error, we overrule the seventh ground.

■ Grounds four and five both deal with the court's charge. The fourth ground of error complains of the instructions on punishment. The court gave jurors a choice of finding both enhancement allegations true or not true. They were instructed that if they had a reasonable doubt, they should return a verdict of not true to both allegations. Appellant complains that the court should have permitted the jury to find that only one of the allegations was true. If the jury were sure of one prior conviction, but had a reasonable doubt as to the other, the appellant would have been in a worse position than if the judge had given the requested instruction. In that event, the jury would be required to answer true to one of the allegations. Under the instructions actually given, they could not have answered true unless they were convinced of both. We hold that no harm was caused by this charge. The fourth ground is overruled.

The fifth ground of error concerns the refusal of the trial court to instruct the jury on a defensive issue, duress. Juanita Adame, the appellant's sister, testified that her brother was hospitalized for a bleeding ulcer. Dr. Pamphile, his physician, stated that this hospitalization occurred when the appellant was in the custody of the Willacy County Sheriff's Department. During his stay, deputy sheriffs were on guard at the hospital. The appellant's hospital stay was briefer than his doctor had requested. Dr. Pamphile said that manpower problems at the Sheriff's office was one of the factors in the early release.

After his release, the appellant reported that he was vomiting blood so he was brought back to the hospital emergency room. Tests for blood were negative. Thereafter, Dr. Pamphile saw the appellant at weekly intervals for three weeks.

■ From this evidence, the appellant formed a defensive issue: that he escaped because he feared he would die from inadequate treatment given while he was in the Willacy County Jail. The instruction submitted to the court was phrased in terms of duress. To prove duress, an accused must

show that he was compelled to act by threat of imminent death or serious bodily injury. Tex. Penal Code § 8.05 (Vernon 1974). This is not the proper instruction for this set of facts, because there was no evidence of any threat.

When a specially requested charge brings to light a defensive issue, the court should include an instruction on that issue if supported by the evidence. *Williams v. State,* 630 S.W.2d 640, 643 (Tex.Cr. App.1982). In this instance, the applicable defense was not "duress" but "necessity." This principle exonerates a person who commits proscribed conduct in order to prevent an even greater harm. See Tex. Penal Code § 9.22 (Vernon 1974). Thus, the proper request in this case would have inquired whether the appellant escaped from jail in order to save his own life.[1]

While the Court of Criminal Appeals has refused to apply the defense of necessity to justify an escape to gain relief from sordid jail conditions, *Branson v. State,* 525 S.W.2d 187 (Tex.Cr.App.1975), it has not dealt directly with a case involving a life threatening situation.

In this case there was no evidence that appellant was not receiving his medication or that the Willacy County Sheriff's Department refused his requests for medical care. Although there was some general testimony that people with ulcers can die of various complications, there was no evidence that the appellant would have died or suffered serious bodily injury without more treatment than he was receiving. There was no evidence that the appellant believed his escape was necessary to prevent harm to him. While the appellant did not stay in the hospital as long as his physician desired, he was brought in when he complained and for repeated treatments. In summary, the evidence does not raise the issue of necessity. Appellant's fifth ground is overruled.

The remaining grounds of error concern the trial court's refusal to grant a continuance. The appellant claims that the trial court abused its discretion in denying his motion to continue the case and that this ruling deprived him of effective assistance of counsel. The trial took place twelve days after the appointment of counsel. Warner informed the court that in addition to the appellant's case, he was involved in the litigation of numerous lawsuits in four counties.

While the appellant's attorney clearly had little time to prepare his case, we see no evidence of ineffectiveness in the record. On the contrary, Warner's performance was very capable. Upon review of the totality of the representation, we find that the appellant's counsel provided him with reasonably effective assistance. Appellant's sixth and eighth grounds are overruled.

We have examined all of the appellant's grounds of error and find none which requires reversal. The judgment of the trial court is affirmed.

---

1. Several jurisdictions have adopted the test formulated by the California courts in *People v. Lovercamp,* 43 Cal.App.3d 823, 118 Cal.Rptr. 110 (1975). That case held that escape was justified if the following conditions are met:
    (1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;
    (2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;
    (3) There is no time or opportunity to resort to the courts;
    (4) There is no evidence of force or violence used towards prison personnel or other "innocent" persons in the escape; and
    (5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.