# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00084-CR

**David Lee Sanders, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 01-1164-K368, HONORABLE BURT CARNES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant David Lee Sanders and sentenced him to life in prison for the crime of escape and twenty years= imprisonment for unauthorized use of a vehicle. *See* Tex. Pen. Code Ann. '' 31.07, 38.06 (West 1994 & Supp. 2003). He appeals, arguing that the trial court committed reversible error by admitting evidence of: (1) his failure to surrender after his escape; and (2) an eighteen-year-old conviction for escape in another jurisdiction. Because the trial court acted within its discretion, we will affirm the judgment.

## BACKGROUND

On August 27, 2000, while appellant was serving eight years= confinement in Bartlett State Jail for the felony offense of aggravated assault, he and another inmate used boxes and wire cutters to jump

the prison fence. In the course of their escape, appellant Ahot-wired@ a truck in Bartlett, Texas. Approximately forty-eight hours later, police apprehended appellant in Montgomery County, Texas. Appellant pleaded guilty to the count of unauthorized use of a vehicle. In response to the charge of escape, appellant argued the defense of necessity. *See* Tex. Pen. Code Ann. ' 9.22 (West 1994). A jury convicted appellant on both counts. Appellant claims that the trial court erred by admitting: (1) evidence demonstrating that he did not surrender to authorities after his escape; and (2) an eighteen-year-old prior conviction for escape in Illinois. The State responds that: (1) evidence of appellant=s failure to surrender was admissible to rebut appellant=s necessity defense; and (2) appellant opened the door to evidence of his prior escape conviction by creating a false impression about his criminal past.

## DISCUSSION

### *Standard of Review*

We review for a trial court=s admission of evidence for an abuse of discretion. *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). The test is whether the court acted arbitrarily or unreasonably, without reference to any guiding rules or principles. *City of Austin v. Janowski*, 825 S.W.2d 786, 788 (Tex. App.CAustin 1992, no writ). If the ruling is within the bounds of reasonable disagreement the trial court has not abused its discretion. *Robbins v. State*, 88 S.W.3d 256, 260 (Tex. Crim. App. 2002).

### *Escape and the Necessity Defense*

A person commits the crime of escape if he makes an unauthorized departure from custody when he is under arrest for, charged with, or convicted of an offense. Tex. Pen. Code Ann. ' 38.06 (West

Supp. 2003). Escape is a felony if the offense for which the prisoner was under arrest was a felony. *Id.* '38.06(c)(1). The crime being the escape itself, it is therefore complete once the unauthorized departure is made. *Fitzgerald v. State*, 782 S.W.2d 876, 877 (Tex. Crim. App. 1990). Consequently, the nature and scope of custody, and what constitutes an unauthorized departure from custody, depends on the facts of each case. *Lawhorn v. State*, 843 S.W.2d 269, 270 (Tex. App.CAustin 1992, pet. granted).

Section 9.22 of the penal code makes Anecessity@ a defense to escape. Tex. Pen. Code Ann. ' 9.22 (West 1994). If necessary to avoid imminent and serious harm, a prisoner may escape instead of submitting to a dangerous and extreme situation. *Fitzgerald*, 782 S.W.2d at 884. A defendant must show that he reasonably believed that the conduct was *immediately* necessary to avoid *imminent* harm. Tex. Pen. Code Ann. ' 9.22. Imminent harm contemplates a reaction to circumstances in which the harm is present and immediate, not pending; there must be an emergency situation. *Smith v. State*, 874 S.W.2d 269, 272-73 (Tex. App.CHouston [14th Dist.] 1994, writ ref=d). Because society has a compelling interest in ensuring that those people considered threats to the public remain in confinement, the necessity defense is exceptionally narrow: the harm must be serious and the situation compelling and extreme in order to exonerate the defendant. *See Branson v. State*, 525 S.W.2d 187, 188 (Tex. Crim. App. 1975) (escaping to seek legal counsel and relief from sordid jail conditions insufficient); *Acosta v. State*, 660 S.W.2d 611, 614 (Tex. App.CCorpus Christi 1983, no writ) (evidence failing to show defendant would have died or suffered serious bodily harm insufficient); *cf. People v. Lovercamp*, 118 Cal. Rptr. 110, 116 (Cal. Ct. App. 1974) (physical abuse and threats of rape insufficient); *People v. Richards*, 75 Cal. Rptr. 597, 604 (Cal. Ct. App. 1969) (being given a choice between submitting to rape or death insufficient because the situation was not necessarily life threatening); *State v. Cahill*, 194 N.W. 191, 193-94 (Iowa 1923) (cell

that was infested with bugs, worms, and vermin insufficient); *Johnson v. State*, 50 S.E. 65, 65 (Ga. 1905) (leaving chain gain to avoid unmerited punishment insufficient). Unlike other states Texas courts have held that a defendant commits the crime of escape the moment he completes the unauthorized departure from custody and, as a result, need not surrender in order to receive a necessity instruction. *Compare Lawhorn*, 898 S.W.2d at 890 (escape is not a continuing offense), *with Lovercamp*, 118 Cal. Rptr. at 115 (to receive necessity instruction for escape, defendant must immediately report to authorities upon reaching position of safety), *and People v. Webster*, 46 Cal. Rptr. 699, 703 (Cal. Ct. App. 1965) (even if a prisoner escapes to save his life, a failure to surrender constitutes a continuing offense). In sum, a defendant in Texas must show that the escape was required due to extreme and serious circumstances involving imminent and generally life-threatening harm, but need not surrender in order to be entitled to a necessity instruction.

### *Evidence Regarding Failure to Surrender*

In his first point of error, appellant argues that the trial court erred in admitting evidence of his failure to surrender. At trial, appellant sought and received an instruction on the defense of necessity. The trial court admitted evidence of appellant=s failure to surrender for the sole purpose of rebutting his necessity defense. The State argued that the evidence was necessary to show that appellant=s motive for escape was not necessitated by fear of imminent harm. Appellant relies on *Fitzgerald* for the proposition that, because surrender is not a necessary element of the necessity defense, no evidence of a defendant=s failure to surrender is admissible. *See Fitzgerald*, 782 S.W.2d at 885.

Appellant likens his case to *Fitzgerald* because there the court held evidence of the post-escape conduct of burglary and attempted murder inadmissible to rebut a defense of necessity. Therefore, appellant argues, all evidence of post-escape conduct is necessarily inadmissible. *Fitzgerald* involved two inmates who, during the course of their escape, committed the crimes of burglary and attempted murder. *Id.* at 878. The inmates argued that their escape was justified by necessity and the trial court allowed the prosecution to introduce rebuttal testimony about the two extraneous crimes. *Id.* at 877-78. The court of criminal appeals held the evidence inadmissible to show Aconsciousness of guilt@ or to rebut the motive element of a necessity defense. *Id.* at 885. First, the court held that Aconsciousness of guilt@ evidence is unnecessary in escape cases because the court can assume that a defendant who has escaped from prison intended to do so. *Id.* at 882. Consequently, evidence of flight used to Ashow consciousness of guilt@ is irrelevant because, regardless of his justification for the escape, no prisoner will remain outside the walls of the prison waiting to be taken right back to the very cell from which he fled. *Id.* at 882. Second, the court addressed the admission of the extraneous crimes as rebuttal evidence to the motive element of the necessity defense. A necessity defense turns upon the defendant=s motive for escapeCnecessity only excuses escapes motivated by fear of imminent and serious harm. *Id.* at 883. Although the *Fitzgerald* court recognized that the defendant=s post-escape conduct might be probative of his motive for leaving, under those facts whatever probative value such evidence had was outweighed by its undue prejudice. *Id.* at 885. *Fitzgerald*, then, stands for the proposition that, although testimony regarding a defendant=s post-escape conduct may be relevant, evidence of some conduct may be so prejudicial that its improper effect outweighs its probative value. *Id.* at 884-85.

In the instant case, the trial court admitted testimony of post-escape conduct solely for the purpose of rebutting the motive element of appellant=s necessity defense. On cross-examination, the State sought to introduce testimony that appellant made no attempt to surrender or contact the authorities. After hearing argument from counsel, the trial court specifically concluded that this evidence was probative of the appellant=s state of mind at the time of escape. The trial court admitted only narrowly tailored questions demonstrating that at no time during the duration of his escape did the appellant attempt to surrender or to contact the authorities. As we have explained, a necessity defense turns upon the assumption that the defendant escaped to avoid imminent and serious harm. Appellant=s failure to attempt to surrender or to contact the authorities was therefore relevant to show his state of mind at the time of escape. Because the trial court allowed only narrowly tailored questions that were relevant to appellant=s motive for escaping, and those questions were not, in themselves, unfairly prejudicial, we cannot conclude that the trial court abused its discretion. Appellant=s first point of error is overruled.

### Admission of Prior Conviction

In his second point of error, appellant argues that evidence of his eighteen-year-old Illinois conviction for escape was inadmissible because it does not meet the specific requirements of evidence rule 609. *See* Tex. R. Evid. 609. The trial court permitted the State to introduce the prior conviction for impeachment purposes only because it found that appellant had Aopened the door@ regarding his criminal past.

In general, a defendant=s past crimes may not be used against him in an unrelated case in order to prevent the accused from being tried for some collateral crime. Tex. R. Evid. 404(b); *see*

6

*Montgomery v. State*, 810 S.W.2d 372, 386-37 (Tex. Crim. App. 1990). However, when a defendant takes the stand he may be impeached in the same manner as any other witness. *Hammett v. State*, 713 S.W.2d 102, 105 (Tex. Crim. App. 1986). Rule 609 imposes two requirements before evidence of a prior conviction can be used to impeach a witness: (1) the prior conviction must be either a felony or a crime involving moral turpitude; and (2) if the crime is Aremote,@ or more than ten years old, the court may only admit the evidence if it determines, Ain the interests of justice, that the probative value of the conviction . . . substantially outweighs its prejudicial effect.@ *See* Tex. R. Evid. 609(a), (b); *Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000).

If a witness begins an inquiry into a particular area, or paints an incomplete picture of the issue, the State may introduce otherwise inadmissible evidence in an attempt to clarify or complete that picture. *Lopez*, 990 S.W.2d at 776. Therefore, when the defendant=s testimony creates a false impression of his criminal past, he Aopens the door@ for opposing counsel to expose the falsehood through otherwise inadmissible evidence. *See Anaya v. State*, 988 S.W.2d 823, 825 (Tex. App.CAmarillo 1999, no pet.). In determining if a witness has opened the door, we must examine the statements in context of the testimony as a whole. *Moore v. State*, 82 S.W.3d 399, 407 (Tex. App.CAustin 2002, pet. ref=d). Evidence of a specific prior conviction admitted to clarify or complete the picture must be related to the matter brought into issue by the witness. *Turner v. State*, 4. S.W.3d 74, 79 (Tex. App.CWaco 1999, no pet.). To deny opposing counsel the opportunity to use otherwise inadmissible evidence to clarify the false impression that a witness has created by selectively testifying as to his criminal past would allow the witness to offer misleading testimony without fear of rebuttal. *Baxter v. State*, 645 S.W.2d 812, 816 (Tex. Crim. App. 1983).

On direct examination, appellant testified that he had a Aterrible criminal history.@ Appellant testified to many, but not all, of his prior convictions. His counsel then asked: AGoing back to the escape, the reason why . . . given the fact that you have this terrible criminal history, [sic] the jury=s already heard about . . . why should they believe anything you have to say?@ Appellant answered:

> Any other time I=ve ever been arrested for anything, I=ve always plead guilty in open court for whatever the range of punishment was and the Judge felt. That=s what I got . . . The only time I=ve ever been in a jury trial . . . is the last two days . . . because I left for a reason. I was in fear of my life. The situation I was in . . . I=ve never seen so much criminal activity. . . . I was just trying to do my time.

On cross-examination, the State sought to question appellant about five prior convictions, including prior convictions for burglary and forgery, in an attempt to clarify appellant=s criminal history. All of these convictions were more than ten years old. Before admitting the evidence, the trial court dismissed the jury and conducted a hearing to determine the admissibility of these convictions. The court admitted only the escape conviction and gave a limiting instruction that the prior conviction evidence could only be used to impeach.

Appellant=s testimony would have left the jury with the false impression that he had always willingly tried to do his time and that it was only the particular conditions at the Bartlett State Jail that had forced him to escape. Furthermore, appellant attempted to bolster this impression by creating the false impression that his Aterrible criminal history@ consisted only of those crimes which he chose to present. Viewing his testimony as a whole, appellant created a false impression that he had habitually submitted to his punishment, but that *this situation* was unique and forced him to escape. To deny the State an opportunity to clarify this false impression would permit appellant to give misleading testimony and then hide behind rule

**8**

609. Given the fact that the trial court conducted a hearing and gave a limiting instruction that the evidence of the prior conviction was to be used solely for the purpose of impeaching appellant, we cannot say the trial court abused its discretion.

Even if the evidence were inadmissible, it was harmless. Error in the admission of evidence is subject to a harm analysis. *Moore,* 82 S.W.3d at 405. To assess the harm caused by an improper admission of evidence, an appellate court must determine how the admission of the evidence affected the jury=s verdict. *Roethel v. State*, 80 S.W.3d 276, 282 (Tex. App.CAustin 2002, no pet.). If the admission of the evidence did not affect the jury=s decision, that decision should not be disturbed. *Moore*, 82 S.W.3d at 405. In this case, the appellant had already testified on direct examination that he had previously escaped from a prison in Georgia. Thus, the admission of the Illinois escape conviction, even if inadmissible, was merely cumulative and consequently harmless. Appellant=s second point of error is overruled.

## CONCLUSION

Having overruled both points of error, we affirm the trial court=s judgment.

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: March 13, 2003

Do Not Publish