Opinion issued November 13, 2003







     
 
 
 
 
In The
Court of Appeals
For The
First District of Texas
 

 
 
NOS. 01-02-00603-CR
          01-02-00604-CR
 

 
 
CLEVELAND PETERSON, III, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause Nos. 875046 & 897372
 

 
 
MEMORANDUM OPINION
          In trial court cause number 875046 (No. 01-02-00603-CR), appellant was
charged with aggravated sexual assault of a child under 14 years of age by causing the
penetration of her female sexual organ with his sexual organ. In trial court cause
number 897372 (No. 01-02-00604-CR), appellant was charged with aggravated sexual
assault of the same child by causing her anus to contact his sexual organ. The jury
found appellant guilty and assessed punishment at eight years’ confinement in each
case. The trial court ordered that the sentences run cumulative to each other. We
affirm.
          Appellant presents the following seven issues on appeal: (1) the trial court erred
in denying appellant’s “so-called equitable motion” for continuance; (2) fundamental
error resulted from the State’s inability to establish the specific incident of aggravated
sexual assault for which appellant was indicted; (3) trial counsel was ineffective
during the guilt phase; (4) trial counsel was ineffective during the punishment phase;
(5) the trial court erred by failing to provide the jury an instruction on stacked
sentences; (6) the trial court’s order granting the State’s motion to cumulate sentence
is void; and (7) appellant was deprived a fair trial.
Motion for Continuance
          In his first issue, appellant contends that the trial court erred in denying
appellant’s “so-called equitable motion for continuance.”
          To preserve a complaint for appellate review, a party must present to the trial
court a timely request, motion, or objection, state the specific grounds, and obtain a
ruling. See Tex. R. App. P. 33.1. Articles 29.03 and 29.08 of the Texas Code of
Criminal Procedure require written and sworn motions for continuance. Tex. Code
Crim. Proc. Ann. arts. 29.03, 29.08 (Vernon Supp. 2004). A motion for continuance
not in writing and not sworn preserves nothing for review. Dewberry v. State, 4
S.W.3d 735, 755 (Tex. Crim. App. 1999). 
          There is neither a written nor an oral motion for continuance in the trial record. 
The docket sheets are likewise silent as to any request for a continuance.


 
Accordingly, nothing is preserved for review. 
          We overrule the first issue. 
Specific Incident
          In his second issue, appellant contends that fundamental error resulted from the
State’s inability to establish the specific incident of aggravated sexual assault for
which appellant was indicted.
          Appellant’s arguments in connection with this issue relate to the sufficiency of
the evidence before the grand jury to justify the return of a true bill in each case. A
defendant may not challenge the evidence to support an indictment by the grand jury. 
Beets v. State, 767 S.W.2d 711, 723 (Tex. Crim. App. 1987). Appellate courts will not
review the sufficiency of the evidence presented to the grand jury to determine
whether an indictment was justified. Dean v. State, 749 S.W.2d 80, 82 (Tex. Crim.
App. 1988). If an indictment was returned by a legal and unbiased grand jury, and is
valid on its face, it mandates a trial of the charge on its merits. Brooks v. State, 642
S.W.2d 791, 795 (Tex. Crim. App. 1982).
          We overrule the second issue. 
Ineffective Assistance of Counsel
          In his third and fourth issues, appellant contends that his trial counsel was
ineffective during the guilt and punishment phases.
          The standard of review for evaluating claims of ineffective assistance of counsel
is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984). See also Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.]
1996, no pet.). Appellant must show both that (1) counsel’s performance was so
deficient that he was not functioning as acceptable counsel under the Sixth
Amendment, and (2) but for counsel’s error, the result of the proceedings would have
been different. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d
at 93.
          It is the defendant’s burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. 
          Motion for Continuance
          Appellant argues that his counsel was ineffective for failing to properly present
a written motion for continuance concerning the witness, Carolyn Johnson. The only
reference to a motion for continuance was at the motion for new trial hearing.
Appellant’s trial counsel testified that she had made an oral motion for continuance,
asking the court to bring Johnson in the next morning because it was “getting close to
the end of the day and that’s when she could come was the next morning.” Counsel
explained that Johnson, a school nurse, would be unavailable because her school was
far away and “there was no way she could have made it here by 4:00.” 
          During the motion for new trial, and by affidavit, Johnson testified that the
complainant was untruthful, had a bad reputation for truthfulness, and told her
elaborate lies. Johnson explained that she was not present in court because appellant’s
trial counsel did not notify her to return to court to testify. 
          Johnson’s affidavit and testimony during the motion for new trial reveal that she
would have testified only for the purpose of impeaching the complainant. The trial
court would not have abused its discretion in overruling the motion for continuance
in this case because the motion shows on its face that the continuance was sought only
to obtain impeachment testimony. See Keel v. State, 434 S.W.2d 687, 689 (Tex. Crim.
App. 1968). 
          Moreover, the complainant’s reputation for untruthfulness was established
through other testimony. For example, the complainant’s mother testified that her
daughter has a reputation for telling lies. Indeed, the complainant herself admitted that
she told lies. Because Johnson’s testimony would have been merely cumulative of
other testimony, appellant has not shown that the result of the proceedings would have
been different if Johnson had testified. See Tex. R. Evid. 403. Accordingly, we hold
that appellant did not prove that counsel was ineffective for failing to provide a written
motion for continuance.
          Limiting Instruction
          Appellant contends that his counsel was ineffective for failing to request a jury
instruction limiting the use of “extraneous offenses” to the purpose for which they
were admitted. Appellant lists a number of record references at page five of his brief;
however, he does not specify what conduct constituted extraneous offenses. The
conduct shown on the referenced pages relates to the acts of sexual assault alleged in
each indictment. There is some testimony to suggest that the alleged conduct occurred
repeatedly, perhaps 10 times during the period that the complainant resided with
appellant. 
          In trial court cause number 875046 (No. 01-02-00603-CR), the indictment
charged appellant with aggravated sexual assault of a child under 14 years of age by
causing the penetration of her female sexual organ with his sexual organ, on or about
April 9, 2001. In trial court cause number 897372 (No. 01-02-00604-CR), the
indictment charged appellant with aggravated sexual assault of the same child by
causing her anus to contact his sexual organ, on or about April 9, 2001. 
          The State is not bound by the “on or about” date on which the offense is alleged
to have been committed. When an indictment alleges that a crime occurred “on or
about” a certain date, the State can rely on an offense with a date other than the one
specifically alleged if the date is anterior to the presentment of the indictment and
within the statutory limitation period, and the offense relied on otherwise meets the
description of the offense contained in the indictment. Sledge v. State, 953 S.W.2d
253, 255-56 (Tex. Crim. App. 1997). The statute of limitations for the offense of
aggravated sexual assault of a child is 10 years from the eighteenth birthday of the
victim of the offense. See Tex. Code Crim. Proc. Ann. Art. 12.01(5)(B) (Vernon
Supp. 2004). Appellant does not contend that the other sexual encounters were not
within the limitations period, nor does he contend that they occurred after the
presentment of the indictment.
          An extraneous offense is any act of misconduct, whether resulting in
prosecution or not, which is not shown in the charging instrument and which was
committed by the accused. Hernandez v. State, 817 S.W.2d 744, 746 (Tex.
App.—Houston [1st Dist.] 1991, no pet.). The State may put on “evidence of multiple
occurrences of the acts alleged in the indictment, even if the evidence shows that such
acts were committed on different dates from the dates shown in the indictment.” 
Worley v. State, 870 S.W.2d 620, 622 (Tex. App.—Houston [1st Dist.] 1994, pet.
ref’d).
          After reviewing the record, we conclude that the complainant never testified to
any offenses outside the indictment. Her testimony, therefore, did not “describe an
offense, but merely quantified its occurrence.” Id. Any other sexual encounters
involved the identical conduct alleged in the indictments. The only difference
between the conduct charged in the indictments and the other sexual encounters is the
date. A variance in the date between the indictment and the evidence will not
invalidate an indictment or a conviction. Id. An appellant’s multiple commissions of
the sexual acts charged in the indictment are not extraneous offenses for evidentiary
purposes. Id. 
          Because the other sexual encounters were not extraneous offenses, but rather
were multiple acts of the conduct charged in the indictment, we hold that counsel was
not ineffective for failing to request a limiting instruction. See Brown v. State, 6
S.W.3d 571, 576 (Tex. App.—Tyler 1999, pet. ref’d). 
          Election
          Appellant contends that his counsel was ineffective for failing to request the
State to elect what specific act of intercourse on which it would rely to secure a
conviction.
          The State is required, upon request, to elect which of the instances of the
charged act it will rely upon for purposes of conviction. See Scoggan v. State, 799
S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990). However, the right to request an
election must be viewed in light of double jeopardy concerns. Brown, 6 S.W.3d at
576. As discussed above, the State presented proof at trial of various instances of the
charged conduct. Any of these instances of conduct would support a conviction under
the indictment. The presentment of proof of an offense at trial will prevent the
defendant from being twice placed in jeopardy for the same offense. See Ex parte
Goodbread, 967 S.W.2d 859, 860-61 (Tex. Crim. App. 1998). If the State elects a
particular instance of the charged conduct to support a conviction, however, the other
instances of conduct will not be jeopardy barred. Id. Accordingly, without an
election, appellant was free to urge a jeopardy bar to any subsequent prosecution for
any of the offenses presented at trial. See Brown, 6 S.W.3d at 576. 
          During the motion for new trial hearing, counsel stated that she did not request
an election as a matter of trial strategy. We conclude that there was a plausible basis
for counsel not to request an election. Counsel could have reasonably believed that
not requesting an election would bar any subsequent prosecution for any of the
instances of the charged conduct. See id. at 577. Thus, we hold that counsel was not
ineffective for failing to request an election.
          We overrule the third issue.
 
          Punishment
          In his fourth issue, appellant contends that his counsel was ineffective “on the
issue of appellant’s proper punishment” because the jury charge did not list all
possible conditions of probation. Specifically, appellant complains about the omission
of an instruction on the requirement of sex-offender registration as a condition of
probation, arguing that his jury charge should have included all of the possible
conditions that may be placed on a person granted probation. 
          In Yarbrough v. State, the Court of Criminal Appeals held that the trial court
was not required to submit the statutory terms of probation in the jury charge on
punishment; therefore, all conditions of probation need not be included in jury charge. 
779 S.W.2d 844, 845 (Tex. Crim. App. 1989). The court specifically overruled Brass
v. State, a prior court of appeals decision that held that an accused is “entitled to have
all of the allowable statutory terms and conditions of probation enumerated in the
court’s charge to the jury upon a proper objection or request.” Id. at 844 (overruling
Brass v. State, 643 S.W.2d 443, 444 (Tex. App.—Houston [14th Dist.] 1982, pet.
ref’d)). 
          The trial court, therefore, was not obligated to include in the jury charge the
condition regarding sex-offender registration, and there is no showing that the trial
court would have included it if requested. Accordingly, appellant has not
demonstrated that his counsel was ineffective for failing to object to its omission from
the charge.
          We overrule the fourth issue.
Jury Instruction
          In his fifth issue, appellant contends that the trial court erred by failing to
provide the jury an instruction on stacked sentences.
          Appellant argues that such an instruction was required because, during
deliberations, the jury sent out a note that said, “The jury needs to know if sentencing
will run concurrently or ‘stacked.’” The trial court responded, “This is not a matter
for your consideration.” The record does not reflect that appellant objected to the trial
court’s reply. Nor does he cite any authority requiring that another instruction be
given under the circumstances.
          If the accused is found guilty of more than one offense arising out of the same
criminal episode, the sentences may run concurrently or consecutively if each sentence
is for a conviction of an offense committed against a victim younger than 17 years of
age at the time of the commission of the offense. Tex. Pen. Code Ann. § 303(b)(2)
(Vernon 2003). The decision to impose concurrent or cumulative sentences is within
the discretion of the court. Tex. Code Crim. Proc. Ann. Art. 42.08(a) (Vernon Supp.
2004); see Stokes v. State, 688 S.W.2d 539, 540 (Tex. Crim. App. 1985). 
          In Branson v. State, the jury recommended that appellant’s punishment should
run concurrently with other sentences. 525 S.W.2d 187, 188-89 (Tex. Crim. App.
1975). The court found that the jury’s note in question “merely inquired of the court
whether it was proper to ask if sentences of appellant would run concurrently.” Id. at
189. The court found no merit in appellant’s argument that the court should have
followed the jury’s recommendation on the basis that the trial court is vested with
discretion under article 42.08 to order concurrent or consecutive sentences. Id. 
          Similarly, the trial court’s reply to the jury in this case was a proper statement
of the law because the matter was not for the jury. We hold that the trial court did not
err in failing to provide the jury an instruction on stacked sentences.
          We overrule the fifth issue. 
Cumulate Sentences
          In his sixth issue, appellant contends that the trial court’s order granting the
State’s motion to cumulate sentence is void and otherwise unconstitutional. 
          On appeal, appellant argues that the decision to order consecutive sentences
should have been made by the jury. In support of his claim, appellant cites Apprendi
v. New Jersey, which held, “Other than the fact of a prior conviction, any fact that
increases the penalty for a crime beyond the prescribed statutory maximum must be
submitted to a jury, and proved beyond a reasonable doubt.” 530 U.S. 466, 490, 120
S. Ct. 2348, 2348 (2000). Appellant’s reliance on Apprendi is misplaced. The trial
court did not decide any fact that increased the penalty range; it merely exercised its
discretion to order the sentences served concurrently or consecutively. 
          We overrule the sixth issue. 
 
Fair Trial
          In his seventh issue, appellant contends that he was deprived a fair trial by an
impartial jury as a result of the cumulative effect of his issues one through six set forth
above. Because we hold that there was no error in issues one through six, we likewise
find no cumulative error. 
          We overrule the seventh issue. 
Conclusion
          We affirm the judgments of the trial court.
 
 
 
                                                             Adele Hedges
                                                             Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.4.