

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1205-08

### THE STATE OF TEXAS

### v.

### ROBERT LEAHY POWELL, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

**PRICE, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

I agree with the Court that the seizure of the safe in which the methamphetamine was discovered constituted an incremental intrusion upon a possessory interest for Fourth Amendment purposes. Even though the officers could have searched the safes while they were on the premises on authority of the warrant, they could not *remove* the safes to a different location to conduct the search absent some exigent circumstance that would make

searching on the premises impracticable—unless, of course, the warrant actually authorized seizure of the safes.[1]  The Court goes on to hold that the warrant does authorize seizure of the safes.  With this I respectfully disagree.

The warrant in this case authorizes the officers "to seize" "the property described" in the incorporated warrant affidavit.  Paragraph 2 of the warrant affidavit expressly sets out the "PROPERTY . . . DESCRIBED[,]" but this paragraph, while it specifies certain checks, electronic equipment for forging checks, and two items stolen with counterfeit checks (even supplying a serial number for the stolen television, so that it might be distinguished from any other television that might be found), makes no mention of a safe.[2]  Later, in the part of the warrant affidavit intended to supply the necessary probable cause, brief allusion is made to a safe that was purchased from Home Depot with what, in context, we may suppose was a forged check (although, contrary to the Court's suggestion, the affidavit does not expressly say so).  The informant indicates that the safe was located in the house to be searched.  But the affidavit does not otherwise "describe" the safe with any specificity.  I cannot conclude that the warrant affidavit really "described" the safe at all, much less that it did so with sufficient particularity to satisfy the Fourth Amendment.

Indeed, the warrant affidavit does not even provide enough detail to distinguish which

---

[1]  *United States v. Robbins*, 21 F.3d 297, 300-01 (8th Cir. 1994).

[2]  *See* Majority opinion, at 3.

of the two safes actually seized was the stolen safe. As the court of appeals remarked in its opinion, the affidavit "did not indicate what the safe would be used for, its size, its color, its brand, or anything else that would distinguish the safe from all other safes."[3] Even assuming the warrant affidavit would authorize the seizure of the stolen safe from the premises, it unequivocally did not authorize the seizure of *two* safes, and provides no basis to determine which of the two safes the officers could seize. From the scant information provided, we cannot know whether the methamphetamine was actually found in the safe that the affidavit mentions, or in the unmentioned safe. This uncertainty underscores the very purpose behind the particularity requirement of the Fourth Amendment as it pertains to the seizure of property, *i.e.*, to "prevent[] the seizure of one thing under a warrant describing another."[4] "As to what is to be taken, nothing [should be] left to the discretion of the officer executing the warrant."[5] Here, the police officers could not have determined which safe they were authorized to seize. Under these circumstances, the court of appeals was correct to conclude that the particular safe mentioned in the warrant affidavit was described with insufficient particularity to authorize them to seize *either* of the two safes they found on the premises. I cannot fathom how the Court now divines that there is sufficient particularity to authorize

---

[3] *State v. Powell*, 268 S.W.3d 626, 631 (Tex. App.—Fort Worth 2008).

[4] *Marron v. United States*, 275 U.S. 192, 196 (1927).

[5] *Id.*

the officers to seize *both*.

Finally, I would not reach the alternative question whether, *assuming* a Fourth Amendment violation, the exclusionary rule ought to apply. Given the Court's holding that the seizures were, in any event, authorized by the warrant, this issue does not arise, and the Court's discussion of it is purely advisory. And even if the Court agreed with me that the warrant does *not* authorize seizure of the safes, it would be inappropriate to reach this question. The State has not argued at any level of these proceedings—in the trial court or on appeal—that the exclusionary rule ought not to apply. Because the issue was never joined below, there is no "decision" from the court of appeals with respect to that issue that we may review in our capacity as a discretionary review court.[6] The Court reaches its desired conclusion at least partly on the basis of a plurality portion of a United States Supreme Court opinion that is not precisely on point.[7] Neither the parties nor the court of appeals have addressed the advisability of extending the holding of that case to the distinct facts here.[8]

---

[6]

*E.g.*, *Arline v. State*, 721 S.W.2d 348, 353 n.9 (Tex. Crim. App. 1986); *Lee v. State*, 791 S.W.2d 141, 142 (Tex. Crim. App. 1990); *Holland v. State*, 802 S.W.2d 696, 700-01 (Tex. Crim. App. 1991); *Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007); George E. Dix & Robert O. Dawson, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 44.21, at 858-59 (2d ed. 2001).

[7]

*Hudson v. Michigan*, 547 U.S. 586 (2006).

[8]

Professor LaFave has argued that the good faith exception announced in *United States v. Leon*, 468 U.S. 897 (1984), should apply in this context. Wayne R. LaFave, 2 SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 4.06 (4th ed. 2004), at 604. Accordingly, "suppression is required because of a particularity defect only if the warrant was 'so facially deficient—i.e., in

The whole enterprise is anti-adversarial, ill-informed, and anti-systemic. I abstain.

I would simply affirm the judgment of the court of appeals upholding the trial court's ruling. Because the Court does not, I respectfully dissent.

Filed:          March 3, 2010
Publish

---

failing to particularize . . . the thing to be seized—that the executing officer cannot reasonably presume it to be valid." *Id.*, *quoting Leon*, *supra*, at 923. Because the Court does not recognize a particularity problem in this case at all, it is ill-equipped to ask whether the defect is so great that the police officers could not reasonably have presumed that the warrant authorized them to seize the safes. Instead, it resorts to *Hudson* for a far more categorical proposition—that the exclusionary rule is simply too "massive" a remedy ever to apply under these circumstances and that civil remedies will suffice. We should not leap to such a dubious conclusion without the benefit of briefs from the parties and a decision from the court of appeals to review.